HENRY NICHOLS V. THE TERRITORY OF OKLAHOMA.

1. CRIMINAL LAW—*Persons Jointly Indicted Have Right to Separate Trial.* Persons jointly indicted for a felony have a right on request to separate trial, but such right may be waived, either expressly, or by the conduct of the parties. Such request must be made before the trial begins, and for this purpose the trial commences from the time when the work of empaneling the jury begins. It is not error to overrule a request for separate trial made after the parties announced ready for trial and the work of empaneling the jury was commenced.

2. VERDICT — *Statutes Construed.* Section 12, art. 12, chap. 68, Criminal Procedure, relating to manner of receiving the verdict, contemplates an oral verdict. And where the verdict is in writing and signed by the foreman, and delivered and read in open court, the requirements of the Statute are obviated, and it is not error to fail to poll the jury, unless requested by one of the parties.

3. ERRORS—*When Waived Not Considered.* When alleged errors are expressly waived they will not be considered.

*Error from the District Court of Logan County.*

*George Gardner,* for plaintiff in error.

*C. A. Galbraith, Attorney General, A. H. Huston, County Attorney,* for the Territory.

The opinion of the court was delivered by

BURFORD, J.: The plaintiff in error, defendant below, was prosecuted by indictment in the district court of Logan county, jointly with one Frank Sharp, for the crime of grand larceny, tried by jury, found guilty and sentence to two years imprisonment in Territorial penitentiary at Lansing, Kansas.

A motion for new trial was filed and overruled, and exceptions duly saved.

The cause is brought to this court upon a case-made and petition in error under the provisions of § 7, art. 16, ch. 68, Statutes of Oklahoma, 1893.

Among the alleged errors complained of are the following:

"4. That the court erred in not requiring the jury to be sworn before the trial begun.

"9. That the court erred in not requiring the plaintiff in error to be present during all the stages of the trial:

"10. The court erred in overruling the motion for a new trial, the motion in arrest of judgment, and, in passing sentence upon the defendant in the absence of the defendant."

As each of these alleged errors are expressly waived by counsel for plaintiff in error, we will give them no consideration.

The only other assignments of error relied upon are the first and eighth. The first is to the effect that the court erred in overruling plaintiff in error's motion for a separate trial.

Section 8, art. 10, ch. 68, Statutes of Oklahoma, provides that

"When two or more defendants are indicted jointly for a felony, any defendant requiring it must be tried separately. In other cases, defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court."

The right to separate trial in felonies is a privilege extended to the defendant to be granted by the court on his request or demand. This privilege or right is one he may waive, and he does waive it in all cases where he fails to make the request within proper time.

It is a rule that when statutory rights and privileges may be waived by the party entitled to the same, such waiver may be by conduct, as well as by express declaration.

It appears, from the record in this case, that on the day the cause was set for trial in the district court, the plaintiff in error and his co-defendant were pres-

ent in person and by counsel and all parties announced ready for trial, and the empaneling of the jury was in progress when the defendants demanded a separate trial. The demand was denied, for the reason that it was not made in time.

In the case of *Hullinger et al. v. The State of Ohio*, 25 Ohio State 441, the supreme court of Ohio construed a similar statute, which provides:

"Where two or more persons are indicted for a felony, each person so indicted shall, on application to the court for that purpose, be separately tried."

In the Ohio case, the defendants demanded a separate trial after the jury was empaneled, but before it was sworn. The court said:

"There is no doubt that the right of separate trials, thus secured, may be waived by the parties; nor is there any doubt that such waiver may be implied from the conduct of the parties. The question here is, whether the exercise of the right of challenge during the empaneling of the jury is such conduct on the part of the accused as will imply such waiver. We think the application for separate trials must be made before exercising the right of challenge, otherwise the right of separate trials will be deemed to have been waived."

It is true, in the case under consideration, it does not appear that any challenge had been exercised, but we think the conduct of the defendant calls for the application of the same rule.

The same rule is announced by Judge Maxwell in his criminal procedure. (Maxwell Crim. Proc. 562.)

In *McJinkins v. State*, 10 Ind. 140, the court held under a similar statute that the right to a separate trial was waived when the demand was not made until after the jury was sworn. (Moore's Crim. Law, § 293.)

It is contended that it was held in *Babcock v. People*, 15 Hun. 347, that the statutory right to a separate trial is available after the jury is sworn. We cannot

assent to such doctrine. If it may be made after the jury is sworn, we see no good reason why it might not be made after the evidence of the territory is in, or after the court has instructed the jury, or at any other time before final sentence. If this right to separate trial may be demanded after the trial begins at one stage of the proceedings, why may it not at any stage? Where will the court draw the line? No authority will question the proposition that the trial has been commenced when the jury is sworn.

We think the correct rule is to require such demand to be made before any of the steps are taken in the progress of the trial of the cause.

It is not reasonable, fair or just 'to suppose that it was intended that the courts should be used to satisfy the whim or caprice of those who may have business before them, or that a defendant may elect to go to trial, and after finding that he does not like the looks of the jury, or for some other trivial cause, demand a separate trial, and thus cause the work of the court to all be gone over again.

For the purpose of determining when this right of separate trial shall be requested, we hold that it may be at any time before the trial begins, and for this purpose the trial commences from the time the parties have announced ready for trial and the work of empaneling the jury begins.

The supreme court of the United States in *Hopt v. Utah*, 110 U. S. 574, said:

"For every purpose, therefore, involved in the requirement that the defendant shall be personally present at the trial, where the indictment is for a felony, the trial commences at least from the time when the work of empaneling the jury begins."

And this doctrine was approved in *Lewis v. United States*, 146 U. S. 370.

The demand for a separate trial having been made

.in the case at bar after the work of empaneling the jury was in progress, it was made too late, and there was no error in overruling it.

The next contention of plaintiff in error is, that the court erred in failing to comply with the requirements of the statute concerning the reception and recording of the verdict.

Section 12, art. 12, ch. 68, Statutes of 1893, provides as follows:

"When the verdict is given and is such as the court may receive, the clerk must immediately record it in full upon the minutes and must read it to the jury and inquire of them whether it is their verdict. If any juror disagrees, the fact must be entered upon the minutes and the jury again sent out. But if no disagreement is expressed, the verdict is complete and the jury must be discharged from the case."

This provision of our statute contemplates an oral verdict, and recognizing the usual uncertainty of oral statements, such safeguards are provided as will insure the recording of the verdict in the language and form that it meets the concurrence of all the jurors; but in case of a written verdict, signed by the foreman and delivered in court, there is no necessity for these requirements. The written verdict is as certain as it can be made. It is concurred in before it is presented to the court, and it supplies the place of the usual formalities in case of an oral verdict.

The record shows that the verdict returned in this case was a written verdict, signed by the foreman of the jury and delivered and read in open court.

Section 11 provides that:

"When a verdict is rendered, and before it is recorded, the jury may be polled on the requirement of either party, in which case they must be severally asked whether it is their verdict, and if anyone answer in the negative, the jury must be sent out for further deliberation."

The defendant did not require the jury to be polled and he must have been satisfied that the verdict, as read in his hearing, expressed the finding of the jury and that all concurred therein.

We find nothing in the record to warrant us in interfering with the judgment in the cause.

The judgment of the district court of Logan county is affirmed at the costs of plaintiff in error.

Dale, C. J., not sitting; all the other Justices concurring.