STATE v. ELISHA BROOKS.

No. A-5959. Opinion Filed Nov. 4, 1927.
(260 Pac. 785.)

Edwin Dabney, Atty. Gen., and Geo. W. Partridge, Co. Atty., for the State.

A. V. Dinwiddie, for defendant in error.

EDWARDS, J.    This is an appeal by the state from a judgment entered by the county court of Logan county sustaining a plea of former jeopardy and discharging the defendant, Elisha Brooks.    The record discloses the following state of facts:    An information was filed in the county court charging defendant, Elisha Brooks, with a violation of the prohibitory liquor law.    He was arraigned on this information and entered his plea of not guilty.    Thereafter the county attorney filed an amended information and after several continuances, the case came on for trial.    Both the state and defendant announced ready and the court ordered a jury impaneled to try the case.    Thereupon counsel for defendant asserted that defendant had never been arraigned nor had pleaded to the amended information and objected to the impaneling of the jury; the objection was by the court overruled.    The jury was impaneled and sworn, the opening statement of the county attorney made, and the opening statement of  counsel for defendant reserved. A witness was called and sworn and after preliminary questions counsel for defendant objected to any evidence for the reason that defendant had not been arraigned on the amended information, which was overruled. The county attorney then stated that in view of defendant's contention he would ask that defendant be given an op-

portunity to plead and then moved the court to continue the case and asked to have defendant arraigned, and, upon a suggestion by the court, moved the court to discharge the jury from further consideration of the case and to continue the case for the term and to arraign the defendant upon the amended information. Counsel for defendant objected for the reason that the jury had already been impaneled and sworn. The court sustained the motion of the county attorney. The jury was dismissed, to which defendant excepted. Thereafter defendant moved the court to discharge the defendant. The motion does not appear in the record, but we gather, on the theory that defendant had been put in jeopardy by the impaneling and swearing of the jury and calling of the witness, that the discharge of the jury operated as an acquittal of defendant. The motion was sustained. The state thereupon prosecuted this appeal.

The Bill of Rights of the state Constitution, § 21, art. 2, provides: "* * * Nor shall any person be twice put in jeopardy of life or liberty for the same offense." This section of the Constitution has frequently had the attention of the courts. See Stout v. State ex rel. Caldwell, 36 Okla. 744, 130 P. 553, 45 L. R. A. (N. S.) 884, Ann. Cas. 1916E, 858; Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L. R. A. (N. S.) 60; Ex parte Myers, 12 Okla. Cr. 575, 160 P. 939.

In considering this section of the Constitution, this court has stated the conditions upon which jeopardy attaches as: First. Defendant must be put upon trial before a court of competent jurisdiction. Second. The indictment or information must be sufficient to sustain a conviction. Third. The jury must have been impaneled and sworn to try the case. Fourth. After having been impaneled and sworn it must have been unnecessarily discharged by the court. Fifth. Such discharge of

the jury must have been without the consent of the defendant.   Loyd v. State, 6 Okla. Cr. 76, 116 P. 959.

If all these conditions concur the discharge of the jury constitutes jeopardy and operates as an acquittal of the defendant and he cannot again be placed upon trial for the same offense.   Applying these conditions to the record before us, the county court of Logan county had jurisdiction of the offense charged and of the person of defendant.   The information sufficiently charged an offense.   The jury was impaneled and sworn and was then unnecessarily discharged by the court over the objection of defendant.   The discharge necessarily operates as an acquittal.   It is settled by many decisions of this and other courts that jeopardy attaches from the time the jury is sworn.   8 R. R. L. 138, § 120F.; Nichols v. Territory, 3 Okla. 622, 41 P. 108; Caples v. State, 3 Okla. Cr. 72, 104 P. 493; Penner v. State, 6 Okla. Cr. 718, 119 P. 1132; State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Schrieber v. Clapp, 13 Okla. 215, 74 P. 316.

There was, we think, no merit in the demand of counsel for defendant that the state could not proceed to trial until an arraignment was had, for it appears by the transcript that defendant had answered ready for trial without demanding an arraignment or making known that he had not been arraigned.   Such announcement is equivalent to entering upon the trial as if he had been arraigned, and was a waiver of his right to further arraignment.   Wood v. State, 4 Okla. Cr. 436, 112 P. 11; Littlejohn v. State, 32 Okla. Cr. 401, 241 P. 210, and authorities there cited.   The county court was in error in sustaining his objection and in sustaining the motion of the county attorney to discharge defendant after he had announced ready for trial.   This, however, does not change the legal aspects of the question, since the jury was unnecessarily discharged after the trial had com-

menced and after jeopardy had attached. If defendant had consented to the discharge of the jury, or the jury had been discharged on his motion, a different situation would be presented. Under the record before us the plea of jeopardy was well taken. And, since the plea presented a question of law only, it was not necessary to submit it to the jury. Loyd v. State, supra.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.