## L. A. DUFFER v. STATE.

No. A-7398. Opinion Filed Sept. 6, 1930.
Rehearing Denied Oct. 18, 1930.
(291 Pac. 986.)

408

Alonzo Turner and Percy Powers, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Greer county of the crime of grand larceny, and his punishment fixed by the jury at imprisonment in the state penitentiary for a year and a day.

Defendant was charged jointly with one Lum Sublett with the larceny of two bales of cotton. Information was filed on the 17th day of May, 1928, and defendants arraigned on the 2d day of July, 1928, and entered their pleas of "not guilty," and thereafter the case was set for trial on the 23d day of November, 1928. When their case was called for trial, they announced that their attorney, Alonzo Turner of Borger, Tex., was not present, and asked the court to continue the case until such time as their counsel could be present. The court refused this application and appointed Percy Powers, an attorney of Greer county, to represent the defendants.

Thereupon the defendants demanded a severance, which severance was granted, and the state elected to try

the defendant L. A. Duffer first. Thereupon defendant's counsel announced ready for trial and made no further objection to proceeding with the trial of the case.

The evidence of the state was that the defendant and Lum Sublett stole two bales of cotton from the Willow Gin Company, A. K. Key, manager, and sold the same to the Mangum compress. Defendant did not take the witness stand and offered no evidence.

Defendant contends first that the court erred in not postponing the case until his regular counsel could be present. It appears from the record that the defendants were arraigned on the 2d day of July and their case set for trial on the 23d day of November, which gave them ample time to have counsel present and prepared for trial. Defendants filed no motion and made no verified showing that they had employed counsel, or any reason why he was not or could not be present. The court appointed counsel and thereupon defendant announced ready for trial. Under the facts as revealed by the record, the court did not commit error in refusing to continue the case on account of the absence of counsel.

Defendant next contends that the court erred in overruling his demurrer to the evidence for the reason that the same was insufficient to support the verdict of the jury. There is no merit in this contention.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.