P. C. MOORE v. STATE.

No. A-7977. Opinion Filed May 16, 1931.
Rehearing Denied June 27, 1931.
(300 Pac. 426.)

Wm. T. Powell, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of assault with a dangerous weapon with intent to do bodily harm, and his punishment fixed at four years in the penitentiary.

The record discloses that at the time charged defendant and his wife and one Wise went to a pool hall in the city of Lawton. Defendant asked for Reece Porter; Porter came out and Wise immediately engaged him in a fight. Defendant and his wife demanded that others stand back

and not interfere. Garner, a policeman, came upon the scene and arrested the combatants. The wife of defendant attempted to interfere and the officer put her under arrest and she got in her car to leave; Garner turned the switch on the car to keep her from escaping, and just at this time defendant came up, put his arm around the neck of Garner, and stabbed him in the neck with a knife.

The first contention is that the defendant was twice put in jeopardy and that he should be discharged. In October, 1929, the case was called for trial. The evidence was introduced, and the following occurred:

"* * * By Mr. Powell: The court will sustain whatever portion of the request he may desire. By the Court: You ask now that the jury be discharged and the case be dismissed on the ground that the information is not sufficient to charge a crime? By Mr. Powell: Yes, sir. By the Court: I will dismiss it and let the jury be discharged on that ground alone. * * *"

The court thus sustained the application to discharge the jury and directed that the information be amended, which was done by changing the allegation from a "dangerous" to a "deadly" weapon. The case was continued and tried in March, following. A plea of former jeopardy was interposed and, among other things, the following appears:

"* * * By Mr. Powell: We would like for the record to show that this inquiry is made by counsel for P. C. Moore. Does the court hold that in overruling the plea of former jeopardy that the court did or did not have jurisdiction to hear and try the case, try this defendant in case No. 1862, tried in this court on the 23rd day of October, 1929? * * * By the Court: I am holding here that you asked for the jury to be discharged and it was upon that ground alone that I discharged it and discharged it upon your own request, and for the reason you cannot claim former jeopardy. * * *"

It is generally held that where a defendant is on trial in a court of competent jurisdiction upon a sufficient indictment or information and the jury has been impaneled and sworn and it is unnecessarily discharged without his consent, such discharge operates as an acquittal. Loyd v. State, 6 Okla. Cr. 76, 116 Pac. 959; State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091; State v. Brooks, 38 Okla. Cr. 302, 260 Pac. 785. Where the jury is discharged at the request of or with the consent of defendant, he is estopped upon a subsequent trial from claiming he has been in jeopardy.

It is also argued that the information is insufficient in failing to allege that the knife, in the manner in which it was used, was likely to produce death. The argument upon this point loses much of its force for the reason that defendant was not convicted of assault with intent to kill but only of an assault with intent to do bodily harm.

There is some contention that the evidence is not sufficient to sustain the judgment. The argument upon this point is rather to the weight of the evidence than to its sufficiency. There is ample evidence if believed by the jury, which they evidently did, to sustain the judgment. Some other matters are presented in the briefs but they are not of sufficient importance to call for special discussion.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.