## PETE NICHOLS v. STATE.

No. A-10115. March 17, 1943.
(135 P. 2d 352.)

Pierce & Pierce, of Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Douglas Garrett, Co. Atty., of Muskogee, for defendant in error.

BAREFOOT, J. Defendant, Pete Nichols, was charged jointly with one A. J. Dadisman in the county court of Muskogee county with the crime of unlawful possession of intoxicating liquor, towit, 236 pints of tax-paid liquors; was tried, convicted, and sentenced to pay a fine of $250 and serve 45 days in the county jail, and has appealed.

Defendant in his brief states:

"The defendant assigns a total of 20 assignments of error but only relies upon the following:

"First: The court erred in denying defendant's request for a separate trial.

"Second: The court erred in admitting certain exhibits offered on behalf of the state and permitting proof thereof to go to the jury over the objections and exceptions of the defendant.

"Third: The court erred in refusing to grant a mistrial at the conclusion of the state's case after permitting the state to withdraw certain prejudicial exhibits which had been offered in evidence over the objections and exceptions of the defendant."

Defendant was charged jointly with A. J. Dadisman. This case was set for trial on March 24, 1941, but continued until March 27, 1941. On this date the record shows that a motion was filed by the defendant asking for a severance. A notation thereon recites: "Motion for severance heard and overruled." An affidavit of defendant was attached to this motion, but no evidence was taken thereon.

It is provided by section 3065, Okla. Stat. 1931, Okla. Stat. Ann. 1941, Tit. 22, § 838, as follows:

"When two or more defendants are jointly prosecuted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court."

Defendant in support of his contention cites the case of Steen v. State, 4 Okla. Cr. 309, 111 P. 1097, and Nichols v. Territory, 3 Okla. 622, 623, 41 P. 108.

In the Steen Case the court held that the granting of a severance in a misdemeanor case was within the discretion of the court, and that the exercise of this discretion is reviewable on appeal; that the record must show an application for a severance setting out sufficient grounds therefor, supported by oral evidence, or affidavits, and the application must be made before the empaneling of the jury is begun.

In the instant case motion was filed on the day the trial started. There is nothing to show at what time the motion was presented.

In the Nichols Case cited, the defendant was charged with a felony. The motion was made while the empaneling of the jury was in progress. The court held that it was not error to overrule the request.

We have examined the record, and do not find anything therein which would justify us in holding that the defendant was prejudiced by the court overruling the motion for severance filed in this case. There was ample proof that the defendant was operating the place where the liquor was found and at the time the search was made. The court sustained almost every objection by the defendant to the introduction of evidence. Johnson v. State,

43 Okla. Cr. 407, 279 P. 366; Patty v. State, 74 Okla. Cr. 322, 125 P. 2d 784; Cruzan v. State, 13 Okla. Cr. 71, 161 P. 1179.

The record further reveals that a place of business was being conducted at 210 Wall street, in the city of Muskogee, on December 6, 1940; that on this night certain officers, including some who were connected with the State Department of Public Safety, searched the premises by reason of a search warrant which they had procured. The place consisted of a bar, glasses, and other paraphernalia usually had where drinks are served. The officers found located in the ceiling a plant which contained 236 pints of tax-paid whisky, and an electric motor which was geared up so that it would let down the ceiling by a wire cable. A stepladder was so attached that one could go up between the ceiling and roof. This device was used to lower the whisky from the plant to the floor where the bar was located. The place had been closed just a short while before the officers arrived, but the evidence revealed that the telephone rang several times while the officers were there and inquiry was made for the defendant.

There was also offered in evidence witnesses who testified that the telephone, the gas, and the lights were placed in these premises by the defendant, and many bills paid by him during the year 1940 and prior thereto. It was also shown by the evidence that he had rented the building, and paid the rent thereon. Also a number of witnesses testified to seeing the defendant in and about the premises, and in charge thereof. Defendant also admitted to one of the officers that he was the owner of the premises, and made statements with reference to how he operated the business. There was introduced in evidence retail liquor dealer's tax receipts which were found on

the premises. One of these receipts was in the name of the defendant covering the period from July 1, 1939, to June 30, 1940, and one in the name of his codefendant with whom he was being tried covering the period from July 1, 1940, to June 30, 1941.

Defendant did not take the witness stand, nor did he present any witnesses in his behalf.

From the above statement, it will be observed that there was sufficient evidence to justify the jury in finding that the place of business at 210 Wall street, in the city of Muskogee, was being operated by the defendant and his codefendant, and the jury was justified in finding the defendant guilty.

The second assignment of error is that the court admitted certain exhibits which were incompetent. This had reference to the exhibits which were found by the officers on the premises at the time of the search. It is unnecessary to go into detail with reference to these exhibits. We have carefully examined the record. The court sustained an objection to all instruments unless they were particularly connected with the defendant, and the jury was instructed in each instance not to consider any exhibits that were not admitted in evidence. These exhibits were found in boxes, and contained receipts for rent, orders for liquor, and other bills. They were admissible as a circumstance for the purpose of showing that defendant was operating the place of business at 210 Wall street, which was one of the issues involved in the trial of this case.

The objection that the court erred in permitting the retail liquor dealer's tax receipt which was issued to the defendant in the year 1939, and which expired June 30, 1940, to be introduced, because the search was not made

until December 6, 1940, is untenable. The evidence in the case discloses that the defendant and his codefendant were operating this place jointly for the years 1939 and 1940. The introduction of this receipt was a circumstance for the consideration of the jury to prove that they were operating this business at this place. After it was shown that they were both operating the business, it was immaterial in whose name the retail liquor dealer's tax receipt had been issued.

Further objection is made by defendant that the court erred in refusing to permit counsel to cross-examine certain witnesses for the state with reference to the search of defendant's home at a time different from the search in question. This was clearly immaterial to the issues in the case on trial, and there was no error in refusing to permit the introduction of this evidence. This attempt of the defendant was to prove that the search of his home had been an illegal search.

The third assignment of error is based upon the court permitting the withdrawal from the record of the affidavit for the search warrant, and the search warrant itself. The record discloses that this was done upon the motion of the county attorney. In sustaining the motion, the court stated:

"The motion of the county attorney to withdraw Exhibits 'A' and 'B' is allowed and said exhibits withdrawn and the motion of the defendants and each of them denied. That the aforesaid exhibits 'A' and 'B' have not been read or presented to the jury, nor the contents thereof disclosed to the jury, nor comment made thereon to the jury, either by the court or the attorneys for the state and defendants, but the court instructs the jury to disregard and not to consider the evidence, or in considering this case, either of said exhibits, to all of which the defendants and each of them except:"

It is revealed by this statement and also by the record that these exhibits had only been offered in evidence, and had not been read to the jury, and the jury was instructed by the court not to in any way consider them. From an examination of the record as a whole, we do not see that there was any error in permitting the withdrawal of the exhibits. The defendant was in no way prejudiced thereby. He had a fair and impartial trial.

For the reasons above stated, the judgment and sentence of the county court of Muskogee county is affirmed.

JONES, P. J., concurs. DOYLE, J., absent.