Donald Horace HOLT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–230.

Court of Criminal Appeals of Oklahoma.

July 14, 1975.

J. L. Pazoureck, Public Defender, Canadian County, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Barbara Rauch, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, Donald Horace Holt, hereinafter referred to as defendant, was charged, tried before a jury in a two-stage proceeding, and convicted of the crime of Grand Larceny, After Former Conviction of a Felony, in the District Court, Canadian County, Case No. CR–73–577. Punishment was assessed at a term of eight (8) years under the direction and control of the Department of Corrections of the State of Oklahoma. From said judgment and sentence in conformance with said verdict, the defendant has perfected his timely appeal.

The defendant was charged with the theft of 926 pounds of meat valued at approximately $1,200 from the Sirloin Stockade, a franchise restaurant located in Yukon, Canadian County, Oklahoma, on or about the 15th day of December, 1973. At approximately 1:30 a. m., Officer Ernest McCoy of the Yukon Police Department stopped a white station wagon driven by David Cacy as it left the restaurant parking area and noticed that the defendant was a passenger, and that in the back there were about 12 meat packing boxes. (It is conceded by both the appellant and appellee in their briefs that co-defendant Cacy was driving the wrong way on a one-way street when the officer first observed the vehicle and stopped it.) After noting the tag number of the vehicle, the officer let them go and went to the restaurant where he found Keith Holt, a Stockade employee. Holt allowed the officer to check the locker in the restaurant where he found several overturned boxes similar to those seen in the vehicle. Keith Holt was then placed under arrest and given his Miranda warnings.

Bill Bonifield, manager of the restaurant, then testified that he inventoried the meat in the locker and determined that 926 pounds valued at approximately $1,200 was missing. He further testified that after he left on the night of the 14th no one was authorized to enter the meat locker although Keith Holt was allowed in the building as he was employed to clean up after business hours. The keys to the locker were kept in the office.

After being granted immunity, Keith Holt, minor nephew of the defendant, testified that on the 14th he went to work at approximately 11:00 after having a conversation with the defendant concerning the Sirloin Stockade. Later, the defendant and Cacy drove up in a white station wagon and Keith let them in the building. He then went to the office and got the keys to the locker and opened it. He, Cacy and the defendant then loaded meat into the station wagon and the defendant and Cacy left.

The State then called Daniel Cacy who testified that he was originally charged in the case as a co-defendant and had entered a plea of guilty. He stated that on the evening in question he and the defendant

drove a white station wagon over to the restaurant to see defendant's nephew, were let in, and the three loaded boxes into the vehicle. He and defendant then left and were immediately stopped by the police officer. The State then rested.

The defendant then called Keith Holt as a defense witness who then related that his father worked for the parent company as a franchise co-ordinator, that the defendant had no reason to believe that he was not authorized to enter the locker and that the defendant had, in fact, asked if he was authorized to move the meat. The witness told the defendant that his father had wanted him to transport the meat to McAlester.

Larry Holt, the defendant's brother, then testified that he was a party to the original conversation and that he was the owner of the station wagon. He further stated that Cacy had volunteered to drive since he lived in McAlester and knew the area, and that Keith had told them that his father was aware that the meat was being moved.

After the jury returned a verdict of guilty in the first stage of the proceeding, the defendant stipulated to his prior conviction and that he had been adequately represented by counsel therein.

■ The defendant's first assignment of error urges that substantial rights of the defendant were prejudiced by the State's attempting to introduce into evidence a written statement made by Keith Holt. The record indicates that there was an attempt to introduce the written statement and that defense counsel objected because the testimony of Keith Holt was the best evidence. The trial court sustained the objection and the prosecutor withdrew the exhibit. The jury never saw the instrument and the trial court properly instructed the jury, with approval of defense counsel, that the instrument was never admitted into evidence and that the jury could not take anything into the jury deliberation room that was not admitted into evidence.

In *Nichols v. State,* 76 Okl.Cr. 178, 135 P.2d 352 (1943), this Court held that permission of the trial court on request of counsel to withdraw from consideration of the jury certain exhibits that had been offered into evidence, but not admitted or read to the jury, was not error prejudicial to the accused when the jury had been instructed not to consider them. Therefore, defendant's first assignment of error is without merit.

■ The defendant's last assignment of error urges that the verdict of the jury was not according to law in that the jury was not convinced beyond a reasonable doubt of the defendant's guilt. To support his proposition the defendant cites the fact that the foreman of the jury had advised the judge, in open court, that the jury would like to have a transcript of the testimony of the witness Keith Holt since they were still deliberating concerning the question of reasonable doubt. The defendant therefore argues that the jury was never satisfied beyond a reasonable doubt as to the guilt of the defendant. We cannot agree. The jury was ordered by the trial court to return to its deliberation and the jury returned a verdict some hours later. At that time no concern was expressed about reasonable doubt and the defendant did not request that the jury be polled. Therefore, the defendant's last assignment of error is without merit.

It is apparent from the record that the defendant received a fair and impartial trial before a jury. No substantial right of the defendant was prejudiced and the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and BUSSEY, J., concur.