Nicholsost, C, J.,
delivered the opinion of the Court.
At the June Term, 1869, of the Circuit Court for Knox county, John Michels was indicted for an assault with intent to commit murder. At the November Term, 1870, ''defendant, by his counsel, entered a special plea of autre fois convict, to which the Attorney General demurred, which was argued by counsel and considered by the court; which demurrer was sustained.”
The plea states that, “on the 17th day of May, 1869, before F. A. Armstrong, Esq., then an acting Justice of the Peace for the county of Knox; the said defendant having theretofore been regularly arrested upon a State warrant, upon a charge of an assault and battery theretofore committed on the body of ¥m. Morrow, he, the defendant; was regularly brought and arraigned, the said Wm. Morrow having been duly notified, and that defendant entered his plea of guilty of said charge; whereupon the magistrate heard the evidence, and fined defendant four dollars and costs, which defendant has paid; and he says he is the same person so fined, and that the said assault and battery, of which he was so arraigned and convicted, and the offense for which he i® now pros *323 ecuted in said indictment for felonious assault, are one and the same offense, and this he is ready to verify.”
The Attorney General demurred to this plea, and the demurrer was sustained. Defendant was then tried on his plea of not guilty, and was acquitted of the felonious intent, but convicted of assault and battery, and fined twenty-five dollars, and has appealed to this court.
The indictment for assault with intent to murder, embraces two distinct offenses: an assault and battery, simply, and an assault with felonious intent; and under our laws the jury may acquit of the higher and convict of the lower, as they did in this case. But it appears by the plea of defendant, that he was convicted and. punished for the lower offense by a Justice of the Peace, and he relies on this conviction by the Justice of the Peace as a bar to the prosecution for the higher offense.
The Circuit Judge sustained the demurrer to this plea, and we think correctly. If he had.confined his plea to the simple assault and battery, and put in the plea of not guilty to the higher offense, his plea of former conviction would have been a bar to any other prosecution for the assault and battery, but would not have been a bar to the prosecution for the felony. The defendant’s plea having been defective and demurrable, and he having then gone to trial on the plea of not guilty, he could not, after the verdict of guilty of the assault and battery, avail himself of the fact that he had been convicted of the same offense by the Justice of the Peace. He could make this defense only by a proper plea; and having failed to do so, the judgment on the verdict was correct.
In the case of Hodges v. The State, to an indictment *324 for an assault with intent to commit murder, the defendant pleaded as to the felony, “not guilty,” and in bar of a conviction for an assault and battery, a former conviction before a Justice of the Peace under the small offense law. In that case, this Court held, that the plea of former conviction should have been demurred to; but under the instructions of the court, which were certainly correct, the jury were directed to disregard it, and the verdict was found on the issue of not guilty; and we see no reason to disturb it.”
We can not concur in that ruling. We think the plea as to the former conviction before a Justice of the Peace, for the assault and battery, was a good bar to another prosecution for assault and battery in the Circuit Court; and that it was not proper for the Circuit Judge to direct the jury to disregard it.
Our opinion is limited to the effect of a former conviction before a Justice, of the assault and battery. We give no opinion as to what would be the effect of a conviction in the Circuit Court for an assault and battery upon a subsequent indictment, for the same assault, with felonious intent.
In the present case, we affirm the judgment, because the plea of former conviction was not properly pleaded.