## HARRY HAMLIN v. STATE.

No. A-1155.    Opinion Filed October 5, 1912.

(126 Pac. 704.)

1.   COURTS—Jurisdiction—Maiming—Justice of the Peace.   A jus-
     tice of the peace has no jurisdiction to try a person charged
     with maiming, except as an examining court.

2.   TRIAL — Former Jeopardy — Conviction Before Justice of the
     Peace.   A plea of former conviction, filed in a felony case in
     the district court, based upon a conviction for the same offense in
     a justice of the peace court, is bad upon its face, and should be
     stricken out.

(Syllabus by the Court.)

*Appeal from District Court, Muskogee County;*
*John H. King, Judge.*

Harry Hamlin was convicted of maiming, and his punishment
assessed at confinement in the county jail for one year and a fine
of $500, and he appeals.   Affirmed.

*Theo. E. Lipscomb,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   When this case was called for trial,
appellant entered the following plea of former conviction:

"The defendant pleads that he has already been convicted
of the offense charged in this indictment by the judgment of the
court of Porter township, to wit, by W. S. Wolfenberger, justice
of the peace for Porter township, in Muskogee county, state of
Oklahoma, by its judgment rendered at the office of said W. S.
Wolfenberger, justice of the peace for Porter township, in Mus-
kogee county, state of Oklahoma, on the 19th day of May, 1910."

This plea was bad upon its face.   The information charged
the crime of maiming, which is a felony, punishable by imprison-
ment in the state prison not exceeding seven years, or by im-
prisonment in the county jail not exceeding one year, or by a
fine not exceeding $1,000, or by both such fine and imprison-
ment.   The justice of the peace had no jurisdiction to try this

case, except as an examining court, and any pretended judgment which he might have entered was a nullity, and is not a bar to this prosecution. See *Boswell v. State,* 20 Fla. 869; *Mikels v. State,* 50 Tenn. 321; *Henkel v. State,* 27 Tex. App. 510, 11 S. W. 671; *Norton v. State,* 14 Tex. 387. The court, therefore, did not err in overruling appellant's plea of former conviction.

When a plea of former conviction is clearly bad upon its face, it should be stricken out, without wasting any time in its consideration. We have read the evidence, and examined the instructions given by the court, and those requested and refused, and fail to find any error therein which would warrant us in disturbing this verdict. We think that the evidence sustains the verdict.

The judgment of the lower court is therefore affirmed.

ARMSTRONG and DOYLE, JJ., concur.