## J. R. WEST v. STATE.

No. A-4103. Opinion Filed Aug. 18, 1923.
(217 Pac. 1067.)

(Syllabus.)

1. **Trial—Question of Fact or of Law—Plea of Former Jeopardy.** Upon the interposing of a plea of former jeopardy in the trial of any criminal case, a question of fact ordinarily arises, which should be submitted to the jury for determination, unless the court is satisfied as a matter of law that the plea interposed is insufficient to raise the question of former jeopardy. In such event it is not error for the court to refuse to submit said plea to the jury if as a question of law it is insufficient.

2.    Courts—Justices of the Peace—Jurisdiction as to Felonies and Misdemeanors. In criminal actions the jurisdiction of the justice of the peace in this state is twofold: First, in a prosecution for a felony a justice of the peace sits only as an examining and committing magistrate; second, in prosecutions for a misdemeanor within the jurisdiction of a justice of the peace, he sits as a trial court.

3.    Same—Jurisdiction in Felony Cases Defined. Justices of the peace have no jurisdiction as courts to try felony cases. In felony cases the jurisdiction of a justice of the peace is either to discharge the accused or else hold him to answer the felony charged or some other felony (which evidence may disclose the accused to have committed) within the territorial limits of the county.

4.    Same—In Preliminary Examination no Jurisdiction to Find Accused Guilty of Included Misdemeanor. In a preliminary examination for a felony, a justice of the peace has no jurisdiction to find the accused guilty of the included misdemeanor and assess punishment therefor.

5.    Former Jeopardy—Insufficiency of Plea. Plea of former jeopardy examined, and held insufficient in law to state facts constituting a bar to the prosecution.

Appeal from Superior Court, Okmulgee County; H. R. Christopher, Judge.

J. R. West was convicted of maiming, and he appeals. Affirmed.

The plaintiff in error, J. R. West, was convicted by a jury in the superior court of Okmulgee county, sitting at Henryetta, on a charge of maiming, and on the 19th day of April, 1921, was sentenced to serve a term of five years and ten months in the state penitentiary.

The information contained two counts, the first of which charged jointly J. R. West and Foley Thrasher with having assaulted the prosecuting witness, G. W. Thomas, with an automatic pistol and knucks, with intent to kill. The second count charged them with the crime of maiming said wit-

ness. When the case was called for trial, a severance was granted, and thereupon the state elected to first try the defendant West. His plea was self-defense and also that he had been formerly convicted for the same offense before a justice of the peace for an assault and battery, which involved the same facts and transactions relied upon by the state for a conviction under the information filed in the superior court.

At the conclusion of all the testimony, on motion of the county attorney, the court dismissed the first count in the information, and the case was submitted to the jury on the charge of maiming. The court instructed the jury not to consider the defendant's plea of former conviction, and withdrew from its consideration all evidence introduced with reference to such plea. The charging part of the second count of the information is as follows:

"That the said J. R. West and Foley Thrasher at the same time and place, and as a part of the same transaction, set out in count 1 of this information, did unlawfully, willfully and feloniously and without authority of law and with a premeditated design then and there to injure one G. W. Thomas, did then and there, acting together and in concert, inflict upon the person of him, the said G. W. Thomas, a certain injury, which then and there and now disfigures his personal appearance and disables the left eye of him, the said G. W. Thomas, by then and there, acting together as aforesaid, striking the said G. W. Thomas with certain dangerous weapons, to wit, an automatic pistol and knucks, which they, the said J. R. West and Foley Thrasher, then and there had and held in their hands, with the unlawful and felonious intent of them, the said J. R. West and Foley Thrasher, and each of them, to then and there wound, maim and disfigure him, the said G. W. Thomas, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The errors assigned are as follows:

I.   The plea of former jeopardy in this case was an issue of fact for the jury, and the court erred in determining it as a question of law, over the objection of plaintiff in error.

II.   The court erred in giving instruction No. 11 over the objection of plaintiff in error.

III.   The court erred in refusing to give instructions Nos. 1 and 2 requested by plaintiff in error, the refusal of which plaintiff in error duly excepted.

IV.   The court erred in refusing and ruling out competent and legal evidence offered by plaintiff in error at the trial of this cause, to which ruling plaintiff in error duly excepted.

V.   The court erred in overruling the motion of plaintiff in error for a new trial.

E. F. Maley, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore and John Barry, Asst. Attys. Gen., for the State.

MATSON, P. J.   (after stating the facts as above). Summarizing the gist of this appeal, counsel for plaintiff in error at the opening of his brief says:

"While plaintiff in error has set out five separate assignments of error, we propose to present and argue same upon the sole proposition of law that the trial court committed a reversible error by refusing to submit defendant's plea of former jeopardy to the jury as an issue of fact, instead of deciding same as an issue of law."

The said plea is as follows:

"Comes now the above-named defendant, J. R. West, and for a second and further plea against the information filed herein against him, pleads and alleges that heretofore he was duly informed against by the county attorney of Okmulgee county, Okla., by information and complaint filed in the justice of the peace court before G. P. Reynolds of Henryetta, Okla., charging him with the identical and same offense or offenses as is set forth in the charge in the information herein, and that thereafter, to wit, on the 22d day of December, 1920, before the said justice of the peace a hearing was had upon said complaint at which hearing the state was represented by G. L. Bynum, assistant county attorney of Okmulgee county, Okla., and that defendant being present in person and by counsel, E. M. Carter, a full and complete hearing was had thereon, and that at the conclusion of said hearing the said justice of the peace found the defendant, J. R. West, guilty of assault and battery, and assessed the fine at $50 and costs.

"Therefore this defendant pleads former conviction or jeopardy of the same offense contained in the information herein against him, as a bar to the prosecution of this action."

In Newton v. State, 14 Okla. Cr. 226, 170 Pac. 270, this court held:

"Upon the interposing of a plea of former jeopardy in the trial of any criminal case, a question of fact ordinarily arises, which should be submitted to the jury for determination, unless the court is satisfied as a matter of law that the plea interposed is insufficient to raise the question of former jeopardy. In such event it is not error for the court to refuse to submit said plea to the jury if as a question of law it is insufficient."

The above holding was cited with approval in the following cases: Harris v. State, 17 Okla. Cr. 69, 175 Pac. 627; Jeter v. District Court of Tulsa County et al., 87 Okla. 3, 206 Pac. 831.

It follows therefore that if the plea of former jeopardy showed on its face that, as a matter of law, it was insufficient, there was no error committed by the trial court in withdrawing evidence offered in its support from consideration of the jury and in refusing to submit such issue to the jury.

The question presented necessarily involves an inquiry into the jurisdiction of justices of the peace in this state.

The written plea of former jeopardy pleads a conviction for an assault and battery growing out of the same transaction resulting in the maiming for which the plaintiff in error was here convicted, and if the plea on its face presented a valid conviction for such offense, it was good in law under out statutory provisions. Estep v. State, 11 Okla. Cr. 103, 143 Pac. 64.

But did said plea on its face present to the court as a bar to this prosecution a valid conviction for assault and battery committed as part of the same transaction? We think not. The plea in bar presents a conviction of assault and battery in a prosecution before a justice of the peace "wherein the defendant was charged with the identical and same offense or offenses as set forth in the charge in the information herein."

The information filed in the superior court of Okmulgee county on which this conviction is based was originally in two counts, charging the felonies, first, of "assault with intent to kill," second, of "maiming." The trial and conviction were on the second count only.

Justices of the peace have no jurisdiction as courts to try felony cases. Hamlin v. State, 8 Okla. Cr. 187, 120 Pac. 704.

As to felony cases justices of the peace sit solely as examining and committing magistrates. Hamlin v. State, supra.

In felony cases the jurisdiction of a justice of the peace is either to discharge the accused or else hold him to answer the felony charged or some other felony (which the evidence may disclose the accused to have committed) within the territorial limits of the county. Section 18, art. 7, Const.; sections 2490 to 2509, inclusive, Comp. Stats. 1921.

A justice of the peace has no jurisdiction, either without or by consent of the prosecuting witness or even the' county attorney, to render a judgment in a preliminary examination for a felony finding the accused guilty of the included misdemeanor and assessing punishment against accused therefor, although such misdemeanor where properly charged was within the jurisdiction of the justice of the peace court. In felony cases the justice of the peace sits as an examining and committing magistrate, not as a trial court.

Where one accused of a felony is before a justice of the peace for preliminary examination, the statute specifically provides:

"Such examination must be confined to some felony committed against the statutes of the State and triable in that county." Section 2491, Comp. Stats. 1921.

We quote the following from Newton v. State, supra:

"Sections 17 and 30 of article 2 and section 19 of article 7 of the Constitution provide respectively:

"Section 17, art. 2:

"'No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment of indictment or by information. No person shall be

prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint.'

"Section 30, art. 2:

" 'The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.'

"Section 19, art. 7:

" 'All judges of courts of this state, and justices of the peace, shall, by virtue of their office, be conservators of the peace throughout the state.

" 'The style of all writs and processes shall be "The State of Oklahoma." All prosecutions shall be carried on in the name and by the authority of the state of Oklahoma. All indictments, informations, and complaints shall conclude, "Against the peace and dignity of the state." '

"The first section above quoted requires a prosecution instituted in a justice of the peace court to be upon a duly verified complaint. The next section secures the people against unlawful seizures or arrests, and provides that the property and person of citizens of this state shall not be molested by warrant of arrest except upon probable cause supported by oath or affirmation. The latter section requires all criminal prosecutions to be in the name of and by the authority of the state of Oklahoma. Undoubtedly these provisions were placed in the Constitution for a purpose. Nobody would have a right, therefore, to submit a plea of guilty to an offense committed against the peace and dignity of the state of Oklahoma without there had been first filed a duly verified complaint, charging such person with such offense. The latter provision would require also that the pros-

ecution of said offense should be by the duly qualified officers of the state chosen for said purpose. These sections would prevent and do prevent a person from voluntarily appearing and pleading guilty to an offense without any verified complaint being first filed against him.

"Section 6176, Rev. Laws 1910, provides:

" 'In all misdemeanor cases, before a warrant shall issue for the arrest of the defendant, the complaint must be submitted to the county attorney, or drawn by him and indorsed as follows: "I have examined the facts in this case and recommend that a warrant do issue," and then filed with the court. If the action be brought without such indorsement the complaining witness must file with the court a bond to be approved by the court in a sum not less than fifty dollars, conditioned to pay all costs, and the county shall in no event be liable for any costs incurred in that action, unless the complaint be first so indorsed by the county attorney.'

"The statute clearly establishes a rule to make effective the foregoing constitutional provisions. It provides a method whereby a private citizen may institute a criminal prosecution by a verified complaint, but if said complaint is not submitted to the county attorney with a statement of the facts that can be proven, and if it does not receive his indorsement that he has examined the facts and recommends that a warrant shall issue, then the prosecuting witness is required to put up a bond for costs as a deterrent against malicious or unwarranted prosecutions. In this way prosecutions by duly verified complaint in the name of and by the authority of the state are secured. A prosecution cannot be said to be in the name and by the authority of the state where the person guilty of the offense procures his own prosecution without notice to the prosecuting officers of the state or to the prosecuting witness, and without a duly verified complaint. A justice of the peace is not permitted to accept a plea of guilty under such circumstances. These provisions of the statutes safeguard the liberty of those accused of a crime by preventing malicious and unauthorized private prosecutions, and at the same time guarantee to the people of

the state that fraudulent prosecutions may not be obtained by the defendant or with his connivance. Evans v. Willis, County Judge, 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258; State v. Simpson, 28 Minn. 66, 9 N. W. 78, 41 Am. Rep. 269; State v. Cole, 48 Mo. 70; State v. Wakefield, 60 Vt. 618, 15 Atl. 181; State v. Goetz, 65 Kan. 125, 69 Pac. 187.''

In this case the plea of former jeopardy shows on its face that whatever punishment was assessed against this plaintiff in error in the proceeding before the justice of the peace was in a preliminary examination for a felony alleged to have been committed by him and another. There is no allegation in the plea that plaintiff in error was ever charged in the justice of the peace court, by verified complaint, with the misdemeanor of assault and battery, that he ever entered a plea thereto, or was lawfully tried and convicted in the justice of the peace court of that offense. While jurisdiction of the person of a defendant may be conferred by consent, jurisdiction of the subject-matter of a criminal action may never be conferred by consent. Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359.

The plea of former conviction was also insufficient in law because it shows upon its face that the justice of the peace had no jurisdiction to render the particular judgment here pleaded in a preliminary examination for felony.

''Jurisdiction to render the particular judgment and sentence imposed is as essential to its validity as jurisdiction of the person and the cause.'' Ex parte McClure, 6 Okla. Cr. 241, 118 Pac. 591.

Supplemented by the record of conviction, the plea of former conviction is of no greater efficacy.

The justice of the peace, contrary to his usual customs, made an extended journal entry of the disposition of the case, which journal entry is as follows:

"This matter coming on for hearing this date, at 10 a. m., G. L. Bynum, assistant county attorney, being present, representing the state, and E. M. Carter, present, representing the defendant, this case having been continued from time to time since the 3d day of November, 1920, both parties announcing ready for trial, witnesses sworn, and evidence taken. At the conclusion of the hearing, and on recommendation of the county attorney, the defendant, J. R. West, was found guilty of assault and battery, and his punishment assessed at a fine of $50, and costs of this action. George P. Reynolds, Justice of the Peace."

This fine, it appears then from both the plea and the record, was assessed as part of the preliminary examination into the felony. As heretofore stated, the justice of the peace had no jurisdiction to render any such judgment in that proceeding. Hamlin v. State, 8 Okla. Cr. 187, 120 Pac. 704; State v. Morgan, 62 Ind. 35; State v. Odell, 4 Blackf. (Ind.) 156.

For the reason therefore that the plea in bar disclosed on its face that a judgment of conviction was pleaded in bar, which said judgment was coram non judice and void, the said plea of former conviction was insufficient to constitute a legal bar to the instant prosecution, and no error was occasioned by refusal of the trial judge to submit the plea as an issue of fact to the jury. Newton v. State, supra.

The other assignments of error not covered by the assignments here discussed are abandoned.

Judgment affirmed.

BESSEY, J., concurs.

DOYLE, J., absent, not participating.