ROY RAMBO v. STATE.

No. A-5645.   Opinion Filed March 5, 1927.
Rehearing Denied Oct. 8, 1927.
(259 Pac. 602.)

Wright, Gill & Ramsdale, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of maintaining a liquor nuisance, and was sentenced to pay a fine of $500 and to be confined in the county jail for a term of six months.

The record discloses that in 1924 defendant had a filling station about nine miles southwest of Oklahoma City. On the date charged, certain federal officers with police officers from Oklahoma City went beyond this place some 250 yards and observed a boy named Herman Cluck deliver bottles of liquid to some persons in a car. The officers thereupon approached, took charge of the occupants of the car, and the Cluck boy ran to the place operated by Rambo. The officers followed and the purchasers then pointed out the boy who delivered them the beer, and the defendant, Rambo, as the person who had sold them a certain card or ticket which was redeemable in "choc beer." From the evidence we gather that defendant had a system of selling these tickets to purchasers, and the purchasers thereupon delivered the tickets to the agent or employee of Rambo for the "choc beer." The officers then arrested Cluck and Rambo and seized a number of similar tickets and a quantity of beer in bottles. Thereafter defendant and others were indicted in the federal court, charged with a conspiracy to violate

the National Prohibition Act (U. S. Comp. St. §10138¼ et seq.), and were tried and acquitted.

Before proceeding to trial in this case, defendant moved to suppress the evidence, and thereafter entered a plea of former jeopardy on the theory that the indictment and trial in the federal court was for the same offense here charged. The issue of former jeopardy was not submitted to the jury. The indictment in the federal court, set out as a part of the plea of former jeopardy, shows upon its face that it is for a different offense than that charged in the case at bar, and for that reason the plea was bad on its face. The court properly excluded evidence on such plea. 8 R. C. L. pp. 143, 144; Dunn v. State, 15 Okla. Cr. 245, 176 P. 86; Newton v. State, 14 Okla. Cr. 226, 170 P. 270.

See, also, Harris v. State, 17 Okla. Cr. 69, 175 P. 627; West v. State, 24 Okla. Cr. 225, 217 P. 1067; Barton v. State, 26 Okla. Cr. 89, 222 P. 1019; Ivey v. State, 26 Okla. Cr. 184, 223 P. 401; Compton v. State, 23 Okla. Cr. 412, 225 P. 562.

It is next urged that the court erred in refusing to exclude the tickets and beer seized by the officers as having been obtained by an unlawful search. This contention, we think, is not tenable. All persons concerned in the commission of an offense, whether they directly commit the act, or aid and abet in its commission, though not present, are principals. Section 1521, Comp. Stat. 1921. The officers saw the employee, an agent of defendant, delivering the "choc beer" in question to purchasers, in violation of law. His act was also the act of defendant. They pursued him immediately to defendant's place of business and there apprehended both him and defendant. The arrest was legal for an offense committed in their presence, and they had the right then to seize the property used in the commission of the offense. In this case the tickets or cards delivered to pur-

chasers, evidencing their right to receive liquor, and a quantity of bottled liquor were admissible in evidence. Davis v. State, 30 Okla. Cr. 61, 234 P. 787.

Defendant next contends that there is no sufficient proof that the liquor seized was intoxicating or contained as much as one-half of 1 per cent. of alcohol, measured by volume. The liquor was seized on the 11th day of June, and was analyzed between that date and June 17th. The liquor contained 7 1/10 per cent. of alcohol, measured by volume. It is contended that the length of time between the seizure of the liquid and the analysis brings it within the rule announced by this court in the case of Rambo v. State, 31 Okla. Cr. 214, 238 P. 869. In that case, however, there was evidence that a period of ten days had elapsed, and there was evidence that the alcoholic content of the liquor seized changed with the degree of fermentation. There is no such evidence here, and the court does not take judicial notice that fermentation continues to take place in bottled liquids. In the absence of proof that the liquid seized was undergoing fermentation, and that it continued after being bottled, this court will not indulge the presumption that there was a substantial change in the alcoholic content by reason of fermentation. Here there is also evidence that at the time seized the liquor was intoxicating. The proof on this point is ample.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.