JOE HAZELWOOD v. STATE.

No. A-6168. Opinion Filed Jan. 26, 1929.
(273 Pac. 1017.)

Wright, Gill & Ramsdale, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of maintaining a place where whisky, wine, and beer was kept, bartered, sold, given away, and otherwise furnished, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

To this information defendant entered a plea of not guilty and further pleaded that he had been charged and acquitted in the United States District Court for the Western District of Oklahoma by information in two counts, on a charge, first, of having the possession and control of intoxicating liquor, to wit, apricot brandy; second, with having sold intoxicating liquor, to wit, apricot brandy. The court examined and excluded the plea of former jeopardy, holding that, upon the face of the record, the information in the federal court did not charge the same offense as the information in this case. This action of the trial court is assigned as error. It is insisted that the plea of former jeopardy should have been submitted to the jury. Sections 2617, 2639, 2738, 2744, Comp. St. 1921, are statutory provisions in reference to a plea of former jeopardy. Under these sections of the statute a plea of former jeopardy raises an issue of fact, and a verdict upon the plea should be returned

by the jury. Where the plea is interposed together with a plea of not guilty, a verdict must be returned on both pleas, but, where a plea of former jeopardy does not state facts which constitute a defense, or where it does not present a disputed question of fact but merely a question of law, the trial court may refuse to direct the jury to return a special verdict, but may sustain a demurrer to the plea or strike or overrule it and place defendant on trial on the merits of the case. Johnson v. State, 1 Okla. Cr. 321, 97 P. 1059, 18 Ann. Cas. 300; Loyd v. State, 6 Okla. Cr. 76, 116 P. 959; Hamlin v. State, 8 Okla. Cr. 187, 126 P. 704; West v. State, 24 Okla. Cr. 225, 217 P. 1067; Newton v. State, 14 Okla. Cr. 226, 170 P. 270; State v. Brooks, 38 Okla. Cr. 302, 260 P. 785.

An examination and comparison of the plea of former jeopardy interposed with the information shows conclusively that the charge in the federal court was not for the same offense, act, or transaction charged in the information here. Clearly the same evidence would not support the charge in the federal court and the charge here. The court properly so ruled and excluded it from the jury. Hourigan v. State, 38 Okla. Cr. 10, 258 P. 1057; Rambo v. State, 38 Okla. Cr. 192, 259 P. 602, and authorities cited.

The only other matter presented in the brief is that the court admitted incompetent evidence. This is directed at testimony of the purchase of intoxicating liquor from the wife of defendant in his absence. No authorities in support of the contention are cited. The evidence is that defendant operated a filling station with a hamburger and lunch stand with a dancing platform in the rear. Defendant denied that he had any connection with the sale of liquor there, saying he knew nothing about it. This evidence of sale we think was a circumstance competent to go to the jury on the charge for which de-

fendant was on trial. The weight and credibility of the evidence was for the jury.

No error requiring a reversal is made to appear.

DAVENPORT and CHAPPELL, JJ., concur.