L. A. COLLINS v. STATE.

No. A-9678.   Oct. 9, 1940.
(106 P. 2d 273.)

342

D. D. Archer and Fred M. Black, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., and Walter Marlin, Asst. Co. Atty., both of Oklahoma City, for defendant in error.

JONES, J. The defendant, L. A. Collins, was charged in the district court of Oklahoma county with the offense of forgery in the second degree; was tried, convicted, and sentenced to serve a term of five years in the State Penitentiary, and has appealed to this court.

The defendant contends:

First. That the court erred as a matter of law in not sustaining the defendant's plea of former jeopardy at the beginning of the trial.

Second. That if the court did not err as a matter of law in denying the defendant's plea of former jeopardy, that the facts in evidence were such as to require the issue of former jeopardy to be submitted to the jury for their determination under proper instructions.

The information filed against the defendant is as follows:

"In the name and by the authority of the State of Oklahoma, comes now Lewis R. Morris, the duly qualified and acting County Attorney in and for Oklahoma County, State of Oklahoma, and on his official oath gives the District Court in and for said Oklahoma County and the State of Oklahoma, to know and be informed that heretofore, to-wit: on the 30th day of October, A. D. 1936, in Oklahoma County, State of Oklahoma, L. A. Collins and Bess M. Hedge, whose more full and correct names are to your informant unknown, then and there being, did then and there willfully, unlawfully and feloniously commit

the crime of forgery in the second degree in the manner and form as follows, to-wit: That in the county and state aforesaid and on the day and year aforesaid, the said L. A. Collins and B. M. Hedge, with the intent then and there to increase the credit of the Oklahoma Postal Employees Association in its account with The First National Bank & Trust Company of Oklahoma City, Oklahoma, the depository for the funds of said Oklahoma City Postal Employees Association, did cause said The First National Bank & Trust Company of Oklahoma Cty, Oklahoma, to credit on its books to the account of Oklahoma City Postal Employees Association the amount of one certain false, forged and spurious check in words and figures as follows, to-wit: 'New York, N. Y. October 30, 1936 No. ——The First National Bank Pay to the order of L. A. Collins .... $13,776.00 Thirteen Thousand Seven Hundred Seventy-six Dollars .... Dollars (Signed) B. M. Hedge', the said defendants, L. A. Collins and B. M. Hedge well knowing said check to be false, forged and spurious, and that the same was made, executed and delivered and credit received therefor on the account of the Oklahoma City Postal Employees Association with said The First National Bank & Trust Company of Oklahoma City, Oklahoma, for the false and fraudulent purpose of misleading the auditor then and there engaged in auditing the books and accounts of said Oklahoma City Postal Employees Association as to the true financial condition of said Oklahoma City Postal Employees Association of which association the said L. A. Collins was then and there secretary-treasurer and whose books and accounts were then known by him and by the said B. M. Hedge to be short by reason of embezzlement of funds in the custody and control of said defendant, L. A. Collins in his said official capacity, said defendants, L. A. Collins and B. M. Hedge acting conjointly and together for the purpose of concealing the condition of said books from the auditor then and there engaged in auditing such books and for the purpose of concealing from such auditor and from the Oklahoma City Postal Employees Association the fact of such embezzlement and defalcation of the funds of such association, all with the felonious intent aforesaid, contrary to the form

of the statutes in such cases made and provided against the peace and dignity of the State of Oklahoma."

The proof in connection with the defendant's plea of former jeopardy showed that on November 12, 1937, the defendant was charged with the embezzlement of $40,000 from the Oklahoma City Postal Employees Association, a corporation, during the period of time from February 1, 1936, to November 6, 1937. To this charge of embezzlement the defendant on December 9, 1937, entered his plea of guilty and was sentenced to serve a term of five years in the Penitentiary at McAlester. He was incarcerated in the State Penitentiary, serving this sentence when the information in the case at bar was filed against him, March 5, 1938.

The defendant introduced in connection with his plea of jeopardy a certified copy of the information, the minutes of the court in connection with his arraignment, and the judgment and sentence pronounced against him in the embezzlement case.

It appears from the facts that the postal employees of Oklahoma City formed a corporation under the name of Oklahoma City Postal Employees Association on July 21, 1933. After the formation of this corporation, the defendant was selected as the treasurer of the association, and as such treasurer was given the control over the funds which were collected for the association as dues from the postal employees who belonged to the association. There were about 200 members of this association in Oklahoma City. The fiscal year of the corporation closed on October 31st of each year. On October 31, 1936, an auditing committee from the members of the association was selected to audit the books of the defendant and to report the financial condition of the association as of the close of the fiscal year.

On October 30, 1936, the defendant, in order to conceal a shortage in his account, deposited a check in the sum of $13,776 to the credit of the association in their depository bank in Oklahoma City. The check is as follows:

"New York, N. Y.

October 30, 1936 No. ——

"The First National Bank Pay to the order of L. A. Collins _____$13,776.00
Thirteen Thousand Seven Hundred Seventy-six Dollars

_____ Dollars
"(Signed) B. M. Hedge"

After this check was deposited, the bank credited the account of the Oklahoma City Postal Employees Association with the amount of the check and sent the check through to their correspondent bank in New York for collection. B. M. Hedge had no account in the First National Bank of New York, and the check was accordingly returned to the Oklahoma City bank on November 7, 1936. During the interim between the date of the deposit of the check on October 30, 1936, and the return of the check on November 7, 1936, the auditing committee made an audit of the defendant's books as treasurer of the association and found that his books balanced and the records were correct.

At the close of the fiscal year in October, 1937, another auditing committee was selected to audit the defendant's books. It was during this audit that the embezzlement of the defendant was learned, and the defendant fled from the city for several days at that time.

The defendant did not take the stand, and offered no defense to the proof introduced by the state, but rested his case solely upon the question of former jeopardy.

This action was instituted under the provisions of section 2137, O. S. 1931, 21 Okla. St. Ann. § 1590, which reads as follows:

"Every person who being a member or officer or in the employment of any corporation, association or partnership, falsifies, alters, erases, obliterates or destroys any account or book of accounts or records belonging to such corporation, association or partnership, or appertaining to their business or makes any false entries in such account or book or keeps any false account in such business with intent to defraud his employers, or to conceal any embezzlement of their money, or property, or any defalcation or other misconduct, committed by any person in the management of their business, is guilty of forgery in the second degree."

Both the state and the defendant have cited a great number of cases which they allege sustain their respective theories. It seems to us, however, that the statute itself is plain and unambiguous, and shows that it was the intent of the Legislature to create a new offense, and that where an officer or member of a corporation falsifies any record to conceal an embezzlement, he would be guilty of the crime of forgery in the second degree. It is recognized that embezzlement and forgery are separate and distinct crimes; but it is not unusual to have separate and distinct crimes arising from the same transaction.

In the case of Orcutt v. State, 52 Okla. Cr. 217, 3 P. 2d 912, 914, this court discussed the question as to the test to apply on a plea of former jeopardy at great length. The following is quoted from that opinion:

"Wharton's Criminal Law, vol. 1 (11th Ed.) p. 508, states the rule:

" 'On a plea of former acquittal or conviction the accused must show that he was acquitted or convicted of the same accusation against him in the former trial; not of an entirely different offense growing out of the same state of facts or transaction.

" 'The same act may constitute two or more offenses which are distinct from each other. In such cases the accused may be separately prosecuted and punished for each, and a conviction or acquittal or prosecution for one will not constitute an acquittal and a bar for the other. Thus where two or more are assaulted, robbed or their goods stolen, or are shot or murdered by one and the same act at the same time, conviction or acquittal on an indictment for offense against the one will be no bar to a trial on an indictment charging the offense against the other.'

"8 Ruling Case Law, p. 143, § 128, states the rule thus:

" 'The prohibition of the ancient principle of the common law and the constitutional provisions declaratory thereof, against a second jeopardy, apply only to a second prosecution for the identical act and crime both in law and fact for which the first prosecution was instituted.

" 'When a single transaction constitutes two or more offenses, wherein the lesser offense is not necessarily involved in the greater, and when the facts necessary to convict on the second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second.

" 'A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently a plea of former jeopardy will not be sustained where it appears that in one transaction two distinct crimes were committed.'

"In 16 Corpus Juris, p. 263, § 443, the rule is stated:

" 'The prohibition of the common law and of the Constitution is against a second jeopardy for the same "offense", that is, for the identical act and crime; or, as expressed in a number of cases, to entitle a defendant to plead successfully former jeopardy, the offenses charged in the two prosecutions must be the same in law and in

fact. The plea will be vicious if the offenses charged in the two indictments are perfectly distinct in point of law, however nearly they may be connected in point of fact. It is not necessarily decisive that the two offenses may have some material fact or element in common, or that they are similar, where they are not in fact the same. The test is not whether defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. The term "same offense," however, does not signify the same offense eo nomine, but the same criminal act, transaction or omission.'

"In State v. Ragan, 123 Kan. 399, 256 P. 169, that court said:

" 'Defendant with three others in a stolen automobile, defendant at the wheel, drove to a drug store, robbery in view. Defendant remained in the car while his three companions proceeded to rob the store. While the robbery was being perpetrated, and at the approach of officers, defendant got out of the car and fled. Without knowledge of the robbery, and after its completion, but before the robbers had departed, the officers entered the store, when one of them was shot by one of the robbers, death ensuing. Defendant was acquitted of the charge of murder, and in a later action for robbery filed a plea of former jeopardy. Held, such plea was properly overruled.

" 'In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not necessarily decisive that the two offenses may have some material fact in common (State v. Schmidt, 92 Kan. 457, 140 P. 843).'

"In Keeton v. Commonwealth, 92 Ky. 522, 18 S. W. 359, that court said:

" 'Presenting a pistol at two persons at the same time, coupled with a demand of their property, and compelling a surrender thereof by both at the same time, constitutes distinct offenses against them,—an assault on and robbery of each.' "

In Estep v. State, 11 Okla. Cr. 103, 143 P. 64, 65, this court said:

"Under the constitutional guaranty not to be twice put in jeopardy, the decisive test on a plea of former jeopardy is whether the same testimony will support both charges. Otherwise stated, the offenses are the same whenever evidence adequate to one information will equally sustain the other."

The decisions of courts of other jurisdictions uniformly sustain the above rule.

Early in our history, the United States Supreme Court in the case of United States v. Randenbush, 8 Pet. 288, 8 L. Ed. 948, held that unless the first indictment was such as the prisoner might have been convicted upon proof of the facts contained in the second indictment, an acquittal on the first indictment can be no bar to the second.

In the case of Spears v. People, 220 Ill. 72, 77 N. E. 112, 4 L. R. A., N. S., 402, the Illinois court dealt with a case similar in facts to the case at bar. The court in that case held:

"An acquittal on a prosecution for larceny and embezzlement is no bar to a prosecution for forgery and passing a forged instrument, though the prosecutions grow out of the same matter, as there could not have been a conviction on the first prosecution of the offense charged in the second."

In Commonwealth v. Roby, 12 Pick., Mass., 496, it was stated:

" '* * * If the crimes charged in the former and present prosecution are so distinct, that evidence of the one will not support the other, it is inconsistent with reason, as it is repugnant to the rules of law to say, that the offences are so far the same, that an acquittal of the one will be a bar to the prosecution for the other.' * * *

350

"In considering the identity of the offense, it must appear by the plea, that the offence charged in both cases was the same in law and in fact. The plea will be vicious, if the offences charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact."

The proof necessary to convict on the embezzlement charge would not necessarily convict on the forgery charge. The embezzlement could be proved without any reference to the forged instrument. The embezzlement was complete before the offense of forgery was committed. The later offense was committed to cover up his first crime. It is not uncommon for persons who have violated the law and are about to be caught to go ahead and commit further crimes in an endeavor to conceal or escape from the first offense.

From the foregoing it can be seen that the court did not err in denying the defendant's plea of former jeopardy at the beginning of the trial.

At the conclusion of the case, the defendant requested the court to submit the question of former jeopardy to the jury as a question of fact for their determination. The court refused to give the requested instruction, but instead gave instruction No. 9 as follows:

"The defendant has also plead as a defense in this case what is known in law as former jeopardy. He takes the position that this offense charged in this information upon which he has proceeded to trial, arose out of the same transaction that gave rise to a former embezzlement charge, and to which he pleaded guilty and is now serving a term in the penitentiary for said embezzlement. After a consideration of all the facts and circumstances in this case, and after a consideration of the law relative to such plea, the court had determined, as a matter of law, that the offense charged in this information, is a separate and distinct offense from that heretofore charged against the

351

defendant, to-wit: embezzlement, and therefore this defense interposed by him in this case, of former jeopardy, is not availing to the defendant."

The plea of former jeopardy is an affirmative plea, and the burden of sustaining it is on the defendant. Harris v. State, 17 Okla. Cr. 69, 175 P. 627.

Where the facts as concerns the question of former jeopardy are undisputed, it becomes a question of law for the court to decide whether the undisputed facts show that the offense charged in the information is the same offense as that for which the defendant has already been convicted. As was stated in the case of People v. Brain, 75 Cal. App. 109, 241 P. 913:

"In prosecution for robbery, plea of former conviction and once in jeopardy, based on plea of guilty of burglary for house-breaking immediately preceding robbery charge, held not a valid plea in bar, as burglary was complete when felonious entry into house was effected, and robbery was a second and later transaction.

"Where, under special pleas of former conviction and once in jeopardy, evidence submitted is uncontradicted that former conviction relied on was for different offense, question becomes one of law, and court may instruct jury that special pleas are not sustained."

In People v. Conson, 72 Cal. App. 509, 237 P. 799, it was held:

"Where there is no dispute as to facts, whether accused has been formerly in jeopardy for same offense is question for court and not of fact for jury."

In the case of State v. Brooks, 38 Okla. Cr. 302, 260 P. 785, this court held:

"Where a plea of former jeopardy is made which involves no question of fact, but presents a question of law only, it is not necessary to submit such plea to the jury, but the court may act upon it as a question of law."

To the same effect is the case of Hartgraves v. State, 5 Okla. Cr. 266, 114 P. 343, 33 L. R. A., N. S., 568, Ann. Cas. 1921D, 180, where the lower court gave an instruction similar to the one given in this case, which was sustained on appeal by this court; also, the case of Hazelwood v. State, 42 Okla. Cr. 38, 273 P. 1017.

The facts concerning these offenses, as introduced by the state, are undisputed. As heretofore outlined, we have held that the offense of forgery as defined in section 2137, O. S. 1931, 21 Okla. St. Ann. § 1590, supra, and the crime of embezzlement are separate and distinct offenses and may be charged separately, even though both offenses grow out of the same transaction. The court, therefore, was correct in instruction No. 9 given to the jury.

The defendant further contends that he was not given a fair trial, and urges as one of the grounds for this contention the refusal of the trial court to allow the defendant to be tried in his civilian clothes.

The record discloses that the defendant, through his attorney, made a request when his case was called for trial for permission of the court for the defendant to change clothes from those of the jail clothes with which prisoners in the county jail are garbed to those of his civilian clothes before appearing before the jury for trial. The court denied this request of the defendant.

We think this request of the defendant was reasonable and should have been granted. However apparent the guilt of the defendant might have been, he is still clothed with the presumption of innocence and is entitled upon his trial to wear his civilian clothes. There is no statement in the record as to just the kind of clothes the defendant was forced to wear. Neither is there any statement in the record by the court as to his reason for refusing the apparently reasonable request of defendant's counsel for

permission to change to his civilian clothes. Ordinarily, this action of the court would constitute ground for a reversal or modification of the judgment. But in this particular instance, it is undisputed that many thousands of dollars were taken by the defendant while he was a trusted employee of the postal association. The forged check herein involved was for $13,776. All of this money was a complete loss. No explanation of the theft or as to the whereabouts of the money was ever given by the defendant when questioned as to the loss. The jury could have given the maximum punishment of seven years; instead they gave only five years' imprisonment. For this reason we do not think the fact that the defendant was tried in his jail clothes prejudiced him in the least before the jury; and for that reason the punishment imposed will not be modified.

The other contentions of the defendant are wholly without merit.

The judgment of the district court of Oklahoma county is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.