**UNITED STATES of America ex rel. Francis O'HALLORAN**

**v.**

**Alfred T. RUNDLE, Superintendent.**

**Misc. No. 3443.**

United States District Court
E. D. Pennsylvania.

March 27, 1967.

---

1. Plaintiff Randell was evicted on January 17, 1967; this in no way affects the determination here.

Francis O'Halloran, pro se.

No appearance entered for respondent.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Relator has filed a petition for a writ of habeas corpus attacking the constitutionality of his present confinement at the State Correctional Institution at Graterford, Pennsylvania. We are now satisfied that he has exhausted state remedies [1] and will consider the substantive question presented.

During the trial which resulted in relator's present confinement, the Commonwealth called a fingerprint expert who was shown exhibits of fingerprints alleged to be those of the relator. The Commonwealth then moved to have the relator's fingerprints taken in open court for purposes of comparing them with the ones already introduced. Over objection by defense counsel the court ordered the accused to submit to fingerprinting, and this was done at side bar in the jury's presence. Relator argues that this incident violated his constitutional privilege against self-incrimination. We disagree and the petition for habeas corpus therefore will be denied.

■ There can be no doubt that the privilege against self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature * * *." Schmerber v. State of Califor-

nia, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966). The prohibition is not "an exclusion of [defendant's] body as evidence when it may be material." Holt v. United States, 218 U.S. 245, 253, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910). To hold otherwise "would forbid a jury to look at a prisoner and compare his features with a photograph in proof." Id. See United States v. Chibbaro, 361 F.2d 365 (C.A. 3, 1966), at page 375.

■ The presence of the jury does not enlarge the scope of the privilege against self-incrimination in this context. In *Chibbaro*, supra, the defendants were identified by witnesses who had, without defendants' knowledge, seen them and heard their voices. The Court held that the speaking and viewing were involuntary and continued (361 F.2d at page 375):

"* * * The position of the appellants therefore is analogous to what it would be if while in court they had been ordered to speak so that the bank witnesses might have the opportunity to identify their voices. * * *"

■■ The Court nonetheless concluded that there had been no Fifth Amendment violation. We reach the same conclusion as to O'Halloran. Unnecessary portrayal of a defendant as a criminal may indeed constitute fundamental unfairness. E. g., prison garb at trial, Collins v. State, 70 Okl.Cr. 340, 106 P.2d 273 (1940), handcuffing during trial, Eaddy v. People, 115 Colo. 488, 174 P.2d 717 (1946).[2] In those cases, however, the appearance of the defendant before the jury otherwise than as a presumptively innocent citizen served no probative purpose. Here, the comparison of fingerprints was a material part of the Commonwealth's case. Cf. Holt v. United States, supra, and Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L. Ed.2d 606 (1967).

1. We had previously refused this relator leave to proceed because the appeal time had not yet expired, *order* of November 29, 1966, Misc. No. 3401.

2. Cf., however, Odell v. Hudspeth, 189 F. 2d 300 (C.A.10, 1951) and Way v. United States, 285 F.2d 253 (C.A.10, 1960), where convictions were permitted to stand even though defendant was handcuffed during trial.

Relator urges, with Fourteenth Amendment overtones, that fingerprinting him in open court was an act so inflammatory and prejudicial as to render his trial so fundamentally unfair as to constitute a denial of due process. We can see no difference between this case and one in which the expert fingerprints the defendant outside the jury's presence. In the latter case, the expert must of necessity be asked what he did in order to lay the groundwork for the admission of the prints. He would have to describe orally precisely the same procedure which in this case the jury saw. Fingerprinting is commonplace, and juries know it. We cannot believe that the mere fact that the jurors saw it, instead of hearing about it, was so inflammatory that defendant's trial was rendered fundamentally unfair.

The writ will be denied.

It is so ordered.