**Henry Edward WATT, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14739.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1969.

Homer Thompson, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., William L. Funk, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge.

Henry Edward Watt, hereinafter referred to as defendant, was charged, tried, and convicted, in a two-stage proceeding in the District Court of Oklahoma County, with the crime of Illegal Sale of Marihuana After Former Conviction of a Felony; he was sentenced to serve 37 years in the State Penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that Mr. James Rose, who worked for the United States Bureau of Narcotics, on April 26, 1967, was in the 1000 block in Oklahoma City, where he saw the defendant about 9:00 p. m. At this time Mr. Rose had an informant with him. The informant went to the door of a restaurant, beckoned the defendant out to the car and the defendant came out, got into the car with Mr. Rose and the informant, and they drove a half block south. They discussed buying marihuana from defendant who told them he had five boxes at that time. Mr. Rose, agreeing to buy the five boxes, asked defendant if it was good stuff, and the defendant replied that it was "dynamite." They drove to a location near 11th and Walnut, defendant left the car, came back in three or four minutes, handed Mr. Rose five penny boxes that contained marihuana, and Mr. Rose paid defendant $25.00. Mr. Rose then left with Mr. Keester and the other officers that were on surveillance, and they all initialed the boxes. The following day the boxes were mailed registered mail to the chemist in Dallas, Texas, and Mr. Rose identified the registered receipts showing the return of same. On cross-examination, this witness stated that he did not wish to identify his informant and further testified that

he did not arrest the defendant at the time and that he did not take back the $25.00. He further testified that he would have no way of knowing how many hands the marihuana went through before it got to Mr. Kluckham, to whom it had been mailed. On re-direct examination, Mr. Rose testified that the investigation concerning this defendant was done in cooperation with the Oklahoma State Bureau of Investigation and the Oklahoma City Police Department.

The next witness for the State was Charles Rose Pyles, a member of the Alcohol Tax Laboratory, Dallas, Texas. His qualifications as a chemist were stipulated to and Mr. Pyles testified as to receiving the registered package which was sealed in a lock-sealed envelope, contained in the mailing envelope; that he examined the contents and found it to be marihuana; that it had been in his custody since its examination. Mr. Pyles merely elaborated on the method and manner of receiving material to be examined.

The next witness was James A. Rose, who was recalled by the State for re-direct examination, who identified the match boxes.

The next witness for the State was Mr. William R. Keester, a member of the Oklahoma State Bureau of Investigation. He testified that on the night in question he was with agents Acox and Maxwell of the Oklahoma City Police Department. These officers conducted a surveillance and followed the car of Mr. Rose, where it parked; saw the defendant leave the car of Mr. Rose, come back a few minutes later to the car of Mr. Rose, put his hand in the car; that the officers went to the Federal Building to the office of Mr. Rose, where the match boxes were initialed and returned to Mr. Rose.

On cross-examination, Mr. Keester testified that he did not see defendant hand anything to Mr. Rose, that all he saw was defendant's hand going into the car of Mr. Rose.

The State then rested, and out of the presence of the jury, the defendant was sworn and testified that his rights had been explained to him and that he did not want to take the witness stand.

On appeal defendant urges that the verdict is excessive and appears to have been given under the influence of passion and prejudice. He cites several cases in which this Court has reduced sentences, mostly dealing with Armed Robbery, First Degree Robbery, and cites the case of Abbott v. State, 79 Okl.Cr. 377, 155 P.2d 267, in which this Court modified a judgment and sentence from five years to three years in a case of Larceny of an Automobile.

■■■ We are of the opinion that this assignment of error is without merit, for the laws of this state require the jury to fix the punishment where request is made for such an instruction. As a result of this rule our Court held in Douglas v. State, 93 Okl.Cr. 132, 225 P.2d 376:

"Appellate court will not ordinarily interfere with punishment fixed by the jury within permissive limits of statute."

In the case of Hunt v. State, 81 Okl.Cr. 114, 161 P.2d 82, this Court, speaking through the Honorable Judge Jones, stated:

"Unless the verdict is clearly excessive under all of the facts it is not within the province of this court to modify the deliberate action of the jury, which has been approved by the judgment pronounced by the trial court."

We feel that the jury in this case felt that the facts justified a punishment of 37 years, and they could have given a more severe punishment. They, no doubt, took into consideration the fact that the defendant, as the evidence revealed, sold marihuana to complete strangers, for the person who bought the marihuana had never seen the defendant before he made the purchase.

This leads us to defendant's last assignment of error that he was forced to trial in his jail clothes. He cites the case of Collins v. State, 70 Okl.Cr. 340, 106 P.2d 273. An examination of the Collins case, supra,

reveals that the defendant, through his attorney, made a request when the case was called for trial for permission of the court to change clothes from those of jail clothes to those of civilian clothes, before appearing before the jury for trial. The court denied this request of the defendant.

In the case at bar, no request was made at the outset of the trial for a change of clothes by the defendant, and no objection was made until after the trial was over. At the time defendant was sentenced, he submitted to the Court a handwritten note as follows:

> "Tell the lawyer to put this into the record, if he does not want to do it, you tell the Court that you would like to say something in your behalf, then proceed to tell the Court that you:

> Want the record to show that you were brought into the Court and tried while in clothes belonging to the County with the stenciled words Okl. Cr. Jail 44 on the back which had the tendency to prejudice the Jury toward you and made it impossible for you to get a fair and impartial trial guarantied [sic] to you by the Okla. Constitution and the Sixth Amendment to the Federal Constitution."

The testimony of the defendant was to the effect that "The clothes that I had on was all ragged."

In French v. State, Okl.Cr., 416 P.2d 171, this Court held in Syllabus No. 1:

> "It is not a violation of the constitutional or statutory rights against self-incrimination, to place on trial a prisoner attired in prison garb, when he has not requested to be allowed to wear civilian clothing during the trial, and where it would have been impossible to present all the competent facts relative to the alleged offense for which he is on trial without disclosing that he is a convict. * * *"

In the case of Collins v. State, supra, relied on by defendant, we find the following syllabi:

> "5. It is error for the court to refuse a request of the defendant to be allowed to be tried in his civilian clothes rather than in the jail clothes with which he was garbed.

> 6. Such error will not be reversible error where the defendant did not take the stand, offered no defense to the State's charge, and the proof showed many thousands of dollars had been taken by the defendant and no recovery had; the failure of the court to recognize the defendant's right to be dressed in civilian clothes not being prejudicial to him in this instance."

 We are of the opinion, and therefore hold, that this assignment of error is without merit for the reason that no timely request was made by the defendant to appear in civilian clothes, nor was a timely objection ever made until the jury had returned their verdict fixing his punishment.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.