**James David ALEXANDER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17162.**

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

Bill Moore, Atoka, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

James David Alexander, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Atoka County, Oklahoma for the offense of Robbery by Force. His punishment was fixed at five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Roscoe Hallows testified that some time between 11:00 and 12:00 o'clock p.m., on August 9, 1970, a person, whom he identified in court as the defendant, and another person forced their way into his residence. Both subjects were carrying knives. The defendant cut the telephone line, and taking a flash light, went out the back door; the second subject guarded Hallows and his wife. The second subject subsequently took Hallows' rifle, and left with the defendant in Hallows' pickup. Hallows next observed his pickup the following morning at Antlers, Oklahoma. He identified the knives, the flash light, and the rifle found in the pickup.

Mrs. Hallows' testimony did not differ substantially from that of her husband.

The defendant did not testify, nor was any evidence offered in his behalf.

 The sole proposition asserts that the trial court erred in overruling the defendant's motion to furnish the defendant with ordinary clothing during the trial of the case. The defendant, at the time of the trial, was an inmate of the Oklahoma State Penitentiary, and during the trial, was dressed in the regular prison garb of khaki shirt and trousers, with black shoes. The defendant timely filed a motion requiring the defendant to be furnished with ordinary clothes some twelve days prior to the trial; this motion was overruled by the trial court. We are of the opinion that the trial court's actions in overruling the defendant's motion was improper. In Collins v. State, 70 Okl.Cr. 340, 106 P.2d 273, we stated:

"We think this request of the defendant was reasonable and should have been granted. However apparent the guilt of the defendant might have been, he is still clothed with the presumption of innocence and is entitled upon his trial to wear his civilian clothes. There is no statement in the record as to just the kind of clothes the defendant was forced to wear. Neither is there any statement in the record by the court as to his reason for refusing the apparently reasonable request of defendant's counsel for permission to change to his civilian clothes. Ordinarily, this action of the court would constitute ground for a reversal or modification of the judgment. But in this particular instance, it is undisputed that many thousands of dollars were taken by the defendant while he was a trusted employee of the postal association. The forged check herein involved was for $13,776. All of this money was a complete loss. No explanation of the theft or as to the whereabouts of the money was ever given by the defendant when questioned as to the loss. The jury could have given the maximum punishment of seven years; instead they gave only five years imprisonment. For this reason we do not think the fact that the defendant was tried in his jail clothes prejudiced him in the least before the jury; and for that reason the punishment imposed will not be modified."

In the instant case, as in *Collins,* supra, the evidence of defendant's guilt is overwhelming. Further, the defendant did not testify, nor was any defense presented in his behalf. We further observe that the jury verdict was the minimum provided by law. We cannot conclude that the fact that the defendant was tried in his jail clothes prejudiced him before the jury. The judgment and sentence is, accordingly, affirmed.

BRETT and SIMMS, JJ., concur.