William **LENHART**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17639.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1972.

J. Edward Oliver, Atoka, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Amy Hodgins, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, William Lenhart, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Atoka County, Oklahoma for the offense of Escaping from the State Penitentiary; his punishment was fixed at seven (7) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Arvel Barnes testified that he was employed as the assistant records clerk at Oklahoma State Penitentiary, and the defendant was serving a life sentence in the State Penitentiary at McAlester by virtue of a judgment and sentence from Carter County, wherein the defendant entered a plea of guilty to the offense of murder. On October 4, 1971, the defendant was incarcerated at the Vocational Training School at Stringtown.

Mack Allford testified that he was Warden of the Vocational Training School in Stringtown, where the defendant was confined. On October 4, 1971, he was called to the school at approximately 4:00 a. m. They made a thorough search of all the buildings and grounds and could not find the defendant. The defendant was subsequently arrested approximately 6 or 7 miles south of the compound. The defendant was not given permission to leave the area.

Roy McGee testified he was a lieutenant at the Vocational Training School. He joined in the search for the defendant and found him about 7 miles south of the school, lying in the grass. The defendant did not testify nor was any evidence offered in his behalf.

■ The first proposition contends that the trial court erred in overruling his objection to the reading of the part of the information, which stated: "For a term of life for the crime of murder." The defendant argues that this created among the minds of the jurors prejudicial influence against him. In dealing with a similar proposition in Conway v. State, Okl.Cr., 483 P.2d 350 we stated:

"We are of the opinion that it is incumbent upon the state to set forth the reasons and grounds for which a defendant is legally incarcerated in the penal institution. A similar allegation in an information was approved by this Court in the case of Perry v. State, 80 Okl.Cr. 58, 157 P.2d 217. * * *."

The second proposition asserts that the Assistant District Attorney made improper remarks in his closing argument. We have carefully examined the closing arguments of the State and find no improper argument. We further observe that the record does not reflect that the defendant objected

**920**

to the allegedly prejudicial remarks. In Kite v. State, Okl.Cr., 490 P.2d 1402 we stated:

"We need only to observe that the defendant did not object to the allegedly prejudicial remarks of the prosecuting attorney until after the jury had retired to deliberate. We have repeatedly held that counsel for defendant must not only object to alleged improper statements of the District Attorney and his argument to the jury, but he must go further and move the court to exclude such remarks from the jury and instruct them not to consider them for any purpose; when this is not done, such remarks do not constitute reversible error, unless remarks were of such character that the error would not be cured by withdrawal of the remarks. Gaddis v. State, Okl.Cr., 447 P.2d 42."

■ The third proposition contends that the trial court erred in overruling the defendant's motion to furnish the defendant with ordinary clothing during the trial of the case. The record reflects that the defendant filed a timely motion requesting suitable clothing. The trial court overruled the motion, stating:

"The warden is ordered to provide suitable clothing for the defendant to appear in court, absent a prison number or other identifying marks on the clothing to identify defendant as prisoner."

Prior to the commencement of the trial the defendant made the following motion:

"BY MR. OLIVER: Comes now the defendant and objects to the defendant being dressed in brown khaki clothes which is indicative of prison clothes."

"BY THE COURT: Objection overruled; exceptions allowed the defendant; for the reason that the defendant has on just ordinary khaki clothing which does not bear a prison number or any identification that he is a prisoner in the Oklahoma State Penitentiary; * * *." (Tr. 1–2).

The defendant cites as authority Collins v. State, 70 Okl.Cr. 340, 1006 P.2d 273. In dealing with a similar proposition in the recent case of Alexander v. State, Okl.Cr., 493 P.2d 458, 459, we stated:

"In the instant case, as in *Collins*, supra, the evidence of defendant's guilt is overwhelming. Further, the defendant did not testify, nor was any defense presented in his behalf. We further observe that the jury verdict was the minimum provided by law. We cannot conclude that the fact that the defendant was tried in his jail clothes prejudiced him before the jury. The judgment and sentence is, accordingly, affirmed."

The evidence of defendant's guilt in the instant case is overwhelming. We further observe that defendant's clothing could have left no prejudicial effect on the jury in that the evidence reflected the defendant was confined in the penitentiary and escaped therefrom.

■ The fourth proposition asserts that the defendant's civil rights were violated when he was prevented from conferring with his attorney of record. The record reflects that on January 19, 1972, the defendant filed a motion to dismiss, stating that on the 11th day of January, 1972, the defendant was prevented by physical force from conferring with his court appointed attorney, in the Atoka County Court House. The record reflects that on February 1st, 1972, the motion to dismiss was overruled. The record does not reflect what evidence, if any was presented at the motion to dismiss. There is, therefore, nothing before this Court to consider concerning this proposition.

■ The final proposition asserts that the punishment is excessive. We can only observe that the sentence imposed, although the maximum, does not shock the conscience of this Court. The judgment and sentence is affirmed.

BRETT, J., concurs.