CURTIS TAYLOR v. STATE.

No. A-6663. Opinion Filed Dec. 5, 1927.
(261 Pac. 978.)

W. H. Hussey, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J.  The plaintiff in error, Curtis Taylor, and George Reed were jointly informed against for conspiracy to violate provisions of the prohibitory liquor law, the defendant Reed was not prosecuted, and testified for the state on the trial of the defendant Taylor, who was found guilty as charged in the information,

and, after his motion for a new trial was overruled, was sentenced in accordance with the verdict of the jury to pay a fine of $400 and to confinement in the penitentiary for the term of 2 years. To reverse the judgment he appeals.

The information charges that the defendant did on or about the 1st day of November, 1926, in Tillman county, Okla., "unlawfully, willfully, corruptly, and feloniously combine, confederate, conspire, and agree together, and with each other and divers other persons to informant unknown, to commit in said county and state a crime, that is to say, willfully, unlawfully, feloniously, and knowingly to engage in the business of selling intoxicating liquor;" and further alleges as overt acts in pursuance of the conspiracy deliveries of whisky by the defendant, Taylor, to his codefendant, Reed.

The defendant interposed a demurrer on the grounds that the information does not charge a public offense, and that the court has no jurisdiction of the alleged offense sought to be charged, for, as shown on the face of the information, the same charges a misdemeanor and not a felony.

The overruling of the demurrer is the first error assigned.

Criminal conspiracy is defined by section 1649, C. O. S. 1921, as follows:

"If two or more persons conspire * * * to commit any crime, * * * they are guilty of a misdemeanor."

The information in this case was based on an alleged violation of chapter 260, S. L. 1915 (sec. 1652, C. S. 1921), which reads as follows:

"Section 1. If two or more persons conspire either to commit any offense against the state of Oklahoma, or to defraud the state of Oklahoma in any manner or for any purpose, and if one or more of such parties do

any act to effect the object of the conspiracy, all the parties to such conspiracy are liable to a penalty of not more than ten thousand dollars ($10,000.00) or to imprisonment for not more than two years or to both fine and imprisonment in the discretion of the court or jury.

"Approved March 30, 1915."

In the case of State v. Young, 20 Okla. Cr. 383, 203 P. 484, it is held that section 1652, above quoted, creates and defines an offense that is a felony. The statute in question was adopted from the federal statutes. In the opinion of the Young Case it is said:

"It follows as a sound rule of statutory construction that, when a statute enacted by Congress is literally adopted by the Legislature of this state, the judicial construction already placed upon it by the Supreme Court of the United States accompanies the statute, and is to be treated as incorporated therein, unless such construction would be in derogation of some general law."

In the case of Burtner v. State, 20 Okla. Cr. 469, 204 P. 135, it is held that:

"A conspiracy to defraud the state, as defined by statute (chapter 260, Sess. Laws 1915), is a felony of which the county court has no jurisdiction."

In the opinion it is said:

"The information in this case, apparently predicated upon section" 1649 above quoted, "also states an offense under the 1915 statute last above quoted. It was held by this court in the case of State v. Young (supra) * * * that such an offense is a felony. If the offense charged is a felony, the county court for that reason would be without jurisdiction to try the cause. True, the complaint here does not specify that the acts complained of were feloniously done, but the conspiracy to commit the offense of defrauding the school district was an offense against the state of Oklahoma, in that it affected the revenues of the state as well as the revenues of the school district." Section 1649, "supra, makes it a misdemeanor to conspire to defraud 'any person.' The 1915 statute makes it a felony to conspire to defraud

the state. A school district being a subdivision of the state, it would seem that the offense charged in the information comes within the latter statute rather than within the former."

Counsel for appellant in the brief say:

"We wish to argue this case from this angle, that the law in question, should the construction prevail as placed upon it in the court below, that it would be flagrantly and dangerously unconstitutional in so far as the anti-liquor laws of this state are concerned.

"The prohibition legislation, as we have it, is one of the most outstanding and remarkable pieces of legislation ever enacted by any state. It is not only our law, but it is a part and parcel of our Constitution.

"We admit that the statute in question comes from the federal government and with it the construction placed upon it by the highest federal court, but, as this court has well said, 'That adoption will be held good as to construction, unless it serves to repeal a positive law of the state.' The adoption of the federal construction would serve to practically repeal, if not nullify, our liquor laws. In this way take the case at bar. The jury that tried this case could have, after finding the defendant guilty, fixed his penalty at anything less than $10,000 or the imprisonment in the penitentiary for any period less than two years, or to both such fine and imprisonment, in the discretion of the court or jury. That is, two or more persons could engage in the business of selling whisky together and their different sales up to as many as fifty or more, any one act could be designated as an overt act in providing such conspiracy—and for all these acts in keeping with this law could escape with a fine of $1 and one day in jail, or no jail sentence at all, or a sentence of one day in jail and no fine at all."

This prohibition provision of the state Constitution provides, in part, as follows:

"Any person, individual or corporate, who shall manufacture, sell, barter, give away, or otherwise furnish any intoxicating liquor of any kind, including beer, ale, and wine, contrary to provisions of this section, * * *

shall be punished, on conviction thereof, by fine not less than fifty dollars and by imprisonment not less than thirty days for each offense: * * * Upon the admission of the state into the Union these provisions shall be immediately enforceable in the courts of the state." Const. art. 1, § 7.

Nowakowski v. State, 6 Okla. Cr. 123, 116 P. 351, presents practically the same question as the one now under consideration. In that case it is held that:

"The prohibitory provision of the Oklahoma Constitution is self-executing, and declares that the unlawful sale of intoxicating liquor shall be punished by a fine of not less than $50 and imprisonment for not less than 30 days. An act of the Legislature approved March 9, 1909, * * * provides that the punishment for selling intoxicating liquor to a minor shall be imprisonment in the penitentiary for a term of not less than one nor more than five years. Held, that the constitutional provision is, all-embracing in its terms and includes a sale to a minor; that the Legislature cannot remit the constitutional requirement that the offense shall be punished by a fine of not less than $50; that, while the Legislature may fix the maximum punishment for the offense, it cannot change the minimum punishment which the Constitution has fixed; and that the act is therefore unconstitutional and void."

Judge Richardson, delivering the opinion of the court, used the following language:

"If our Constitution was silent upon the liquor question, or merely forbade its sale without prescribing any punishment therefor, certainly the Legislature, its authority extending 'to all rightful subjects of legislation,' would have power to make the sale of liquor a felony; and, that being true, why would a constitutional provision, which forbids the sale of liquor and fixes the minimum but not the maximum punishment therefor, prevent the Legislature from declaring the offense a felony? An enactment of that character may be so drawn as not to take from the Constitution one item or term contained therein, as not to authorize one thing which the Constitution forbids, or remit any of the punishment which the Constitution imposes; and, should it be so framed, then

we fail to perceive wherein it would violate the Constitution. That instrument avowedly fixes only the minimum punishment for the offense, leaving the power to fix the maximum punishment limited only by the provision that such punishment must not be cruel or unusual. * * *

' "Certainly, if our Constitution had fixed the maximum, as it has fixed the minimum, punishment for this offense, the Legislature, would have no more power to change such maximum punishment than it now has to change the minimum punishment so fixed; but, the Constitution not having declared the maximum punishment, it is within the power of the Legislature to declare the same; and assuredly the solicitude which the state ought to feel for the welfare of its future citizenship is ample warrant for making felonious the furnishing of intoxicating liquors to a minor. * * *

"The Legislature may add to the stringency of this provision; but it cannot remit or repeal the requirement that a violation of the provision shall be punished by a fine, and that the fine shall be not less than $50, and make the offense punishable by imprisonment alone. If it could, then by the same reasoning it could remit the imprisonment and make the offense punishable by a fine alone; and, if it could remit either, then it could remit both and say to the man who thrives by the debauchery of children that he may do so with absolute impunity. The act in question remits the fine, and it fixes the minimum punishment at one year in the penitentiary. The Constitution has fixed the minimum punishment for this offense, and the Legislature, while it may fix the maximum punishment, is nevertheless powerless to change that which the Constitution has fixed."

By section 3 of the Enabling Act (act of June 16, 1906) it was specifically provided by Congress that the Constitutional Convention to frame a Constitution for the proposed state of Oklahoma should provide therein that:

"The manufacture, sale, barter, giving away, or otherwise furnishing, except as hereinafter provided, of intoxicating liquors within those parts of said state now known as the Indian Territory and the Osage Indian Reservation and within any other parts of the said state which existed as Indian reservations on the 1st day of January, 1906, is

prohibited for a period of 21 years from the date of the admission of the state into the Union."

In compliance with this restriction, such provision is incorporated in section 7, art. 1, of the Constitution. The Constitutional Convention submitted practically the same provision, separately, to the voters of the state for ratification or rejection at the same time the Constitution was voted on, which was adopted, thus extending such provision to the entire state.

The Constitution prescribes that the offender "shall be punished, on conviction thereof, by fine not less than $50 and by imprisonment not less than 30 days for each offense." Const. art. 1, § 7. The prohibition enforcement act provides that:

"A violation of any provisions of this section shall be a misdemeanor, and shall be punished by a fine of not less than $50 nor more than $500, and by imprisonment for not less than 30 days, nor more than six months." Section 7002, C. S. 1921.

It may be well for us to say here, in order to guard against a misapprehension, that the question in this case is not the constitutionality of the statute. Chapter 260, S. L. 1915, now section 1652. The question here is, Does the offense created by the statute include violations of the prohibition article and ordinance of the Constitution and the provisions of the prohibition enforcement act?

The statute fixes the maximum punishment at a fine "of not more than ten thousand dollars," or "to imprisonment for not more than two years, or to both fine and imprisonment in the discretion of the court or jury." The statute does not fix the minimum punishment. It follows that said statute has no application to violations of the liquor laws.

We may here remark that it is a familiar rule of construction that, in determining the legislative intention, specific statutory provisions relating to a particular subject

must govern in respect to such subject, as against general provisions and those which do not by a fair and reasonable interpretation include the offense charged. Warner v. Mathews, 11 Okla. Cr. 122, 143 P. 516.

In addition to this rule, it is provided by section 1509 of the Penal Code (Comp. St. 1921) as follows:

"If there be in any other chapter of the laws of this state a provision making any specific act criminal and providing the punishment therefor, and there be in this Penal Code any provision or section making the same act a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof shall be governed by the special provisions made in relation thereto, and not by the provisions of this Penal Code."

We think this provision of the Penal Code is also applicable. Hays v. State, 22 Okla. Cr. 100, 210 P. 728.

Our conclusion after a careful consideration of the whole record is that the district court was without jurisdiction of the offense sought to be charged. The judgment is reversed and cause remanded for further proceedings consistent with this opinion. The warden of the penitentiary will surrender the plaintiff in error to the sheriff of Tillman county, who will hold him in custody until he shall be discharged by due course of law.

DAVENPORT, J., concurs.

EDWARDS, J. (dissenting). I am not able to concur in the reasoning in this case. It is my view of the law that section 1649, Comp. Stat. 1921, defining a misdemeanor for two or more persons to conspire to commit any crime, is not repealed by section 1, c. 260, Session Laws 1915 (section 1652, Comp. Stat. 1921), which defines a conspiracy as a felony where two or more persons conspire to commit an offense against the state of Oklahoma or to defraud the state of Oklahoma. The latter section modifies the prior law only as to conspir-

acies against the state of Oklahoma as such or as to conspiracies to defraud the state of Oklahoma, leaving the remainder of section 1649 unimpaired. That is to say, the act of 1915 defines as a felony and provides an enlarged punishment for the specific offenses therein mentioned. I am not unmindful of the decisions of the federal courts construing the federal statute from which section 1652, supra, was adopted. It is a sound rule of statutory construction that where a statute is adopted from a sister state or from an act of Congress, the judicial construction already placed upon it by the state or the United States, as the case may be, accompanies the statute and is to be treated as incorporated therein unless such construction would be in derogation of some general law. This rule I think not applicable here, for the reason that at the time the federal conspiracy statute was enacted by Congress there was no federal statute defining a conspiracy as a misdemeanor as there was in this state when the act of 1915 (section 1652, supra) was enacted. This distinction requires that section 1649 and section 1652 be construed together. Under this aspect of the law the conviction in this case could not stand, as the conspiracy charged would be a misdemeanor, under section 1649, and not a felony as defined by section 1652. This view is in harmony with the case of State v. Young, 20 Okla. Cr. 383, 203 P. 484, and Burtner v. State, 20 Okla. Cr. 469, 204 P. 135.

There is, however, some conflict in the authorities as to whether a conspiracy to commit an offense is merged in the offense when the object of the conspiracy is accomplished. 12 C. J. 580, §§ 93-95, and authorities cited; 5 R. C. L. 1077, § 21, and authorities cited.

The majority opinion in effect holds that the conspiracy merges in the overt act. In my judgment, the conspiracy statute does not conflict with the constitutional provisions in reference to prohibition enforcement,

that a conspiracy to violate the prohibition enforcement act is not the same offense as the violation of the act. Rambo v. State, 38 Okla. Cr. 192, 259 P. 602.