### ERNEST THOMAS et al. v. STATE.

No. A-6194.   Opinion Filed Dec. 29, 1927.
(262 Pac. 503.)

Nowlin, Spielman & Thomas, for plaintiffs in error.

Edwin Dabney, Atty. Gen., and W. P. Morrison, Co. Atty., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Canadian county on a charge of conspiracy to violate the prohibitory liquor law, and were each sentenced to pay a fine of $500 and to serve a term of one year in the county jail.

The prosecution is based on section 1649, Comp. Stat. 1921, which, so far as pertinent here, is:

"If two or more persons conspire * * * to commit any crime * * * they are guilty of a misdemeanor."

The foregoing provision of the statute was enacted by the territorial Legislature prior to statehood. In 1915 a further conspiracy law was enacted, defining a felony for two or more persons to conspire to commit an offense against the state of Oklahoma or to defraud the state of Oklahoma, being section 1652, Comp. St. 1921, as follows:

"If two or more persons conspire either to commit any offense against the state of Oklahoma, or to defraud the state of Oklahoma in any manner or for any purpose, and if one or more of such parties do any act

to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars ($10,000.00) or to imprisonment for not more than two years, or to both fine and imprisonment in the discretion of the court or jury."

This court, in the recent case of Taylor v. State, 38 Okla. Cr. 350, 261 P. 978, in substance, held that the act of 1915 (Laws 1915, c. 260) did not apply to a conspiracy to violate the prohibitory liquor law and the prohibition provisions of the Constitution (article 1, § 7), since the constitutional provision is self-executing and fixes a minimum punishment which cannot be impaired by any legislative enactment, citing the early case of Nowakowski v. State, 6 Okla. Cr. 123, 116 P. 351. Section 1649, supra, defines a conspiracy as a misdemeanor, and does not fix the punishment. Section 1508, Comp. St. 1921, provides that, where an act is defined as a misdemeanor, and no punishment is fixed, the punishment shall be—

"* * * imprisonment in the county jail not exceeding one year or by a fine not exceeding five hundred dollars, or both such fine and imprisonment."

It will be seen that the punishment provided for a conspiracy as defined by section 1649 may be less than that fixed by the Constitution, and, under the rule announced in the Taylor Case, supra, this section impairs the constitutional provision, and for that reason has no application to the prohibitory liquor law. Prosecutions for violation of this law cannot be had under the conspiracy statute, but must be under the statute and constitutional provision relating to prohibition enforcement.

This case is reversed and remanded with instructions to dismiss.

DOYLE, P. J., and DAVENPORT, J., concur.