## CHARLEY CRANE et al. v. STATE.

No. A-6068. Opinion Filed Jan. 21, 1928.
(263 Pac. 173.)

T. C. Greer and Hughes & Wells, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Tillman county on a charge of having the possession of a still, and were each sentenced to serve a term of 60 days in the county jail and to pay a fine of $250.

The record discloses that at the time charged certain officers had received information that a still was

being operated on the extreme south border of the county, near Red river. They thereupon made a search, and, in a secluded spot in a gully concealed by woods, brush, and vines, they found a large distillery in operation, with it they found 14 sacks of sugar, 28 barrels of mash, 80 gallons of whisky, some malt, a camping outfit, and other paraphernalia connected with a distillery. The three defendants were in charge. The guilt of defendants is practically uncontroverted. Defendants filed an application to change the venue from the Frederick division of the county court of Tillman county to the Grandfield division, which was granted. The county judge, by reason of being a witness, certified his disqualification, and John B. Wilson, a member of the bar, was selected as a special judge and presided at the trial. A motion to quash the regular jury panel was interposed, and the state confessed the motion. The sheriff was also a witness, and the court appointed a deputy sheriff to summon a special venire, from which the trial jury was selected. This is vigorously objected to on the ground that as the sheriff was disqualified the deputy sheriff was also disqualified. The record does not disclose whether or not defendants exhausted their peremptory challenges. Objections are interposed to each step in the procedure, and some irregularities and errors are apparent, but in the light of the record, the defendants being so clearly guilty, we think there is no such substantial error in any matter of procedure as requires a reversal.

Prior to the trial of this case a charge of felony alleging a conspiracy to violate the prohibitory liquor laws of the state was instituted in the district court of Tillman county, a trial had thereon, and the defendants convicted. The defendants in this proceeding in the county court interposed a plea of former jeopardy on the theory that the conspiracy case in the district court

was for the same offense as this case and was a bar to any further prosecution.

This court reversed the conviction on the felony charge (Crane et al. v. State, 38 Okla. Cr. 348, 261 P. 982) following the case of Taylor v. State, 38 Okla. Cr. 350, 261 P. 978, in which it was held that the conspiracy law (section 1652, Comp. St. 1921), under which the case in district court was prosecuted, had no application to the prohibitory law as conflicting with the prohibition enforcement sections of the Constitution. Under the authority of that case the district court was without jurisdiction in the conspiracy case set up by the defendants as a basis for the plea of former jeopardy. There being no jurisdiction in the district court, there could be no jeopardy, and the plea was properly rejected by the county court.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.