## CHARLEY CRANE et al. v. STATE.

No. A-6067.   Opinion Filed Jan. 21, 1928.
(263 Pac. 174.)

T. C. Greer and Hughes & Wells, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Tillman county on a charge of having the possession of whisky, and were each sentenced to serve a term of 60 days in the county jail and to pay a fine of $250.

At the time charged in the information certain officers discovered a still in operation in some extremely rough woodlands near the bank of the Red river, in the extreme south of Tillman county. The three defendants were in charge. There was a large quantity of mash, sugar, malt, and 80 gallons of whisky, a camping outfit, a Ford car, and numerous other items of property indicating the manufacture of whisky on a considerable scale. The case was transferred from the Frederick division of the county court to the Grandfield division. The regular county judge, being a witness, disqualified, and John B. Wilson, a member of the bar, was selected as special judge.

Prior to the trial of this case a charge of felony alleging a conspiracy to violate the prohibitory liquor laws of the state was instituted in the district court in Tillman county, a trial had thereon, and the defendants convicted. The defendants in the instant case in the county court interposed a plea of former jeopardy on the theory that the conspiracy case in the district court was for the same offense as this case and was a bar to any further prosecution. The conviction in the district court was appealed to this court and reversed (Crane et al. v. State, 38 Okla. Cr. 348, 261 P. 982), following the recent case of Taylor v. State, 38 Okla. Cr. 350, 261 P. 978, where it is held that the conspiracy law under which that case was prosecuted (section 1652, Comp. Stat. 1921) had no application to the prohibitory enforcement sections of the state Con-

stitution. Under the rule announced in that case the district court was without jurisdiction in the conspiracy case pleaded by defendants as a basis for their plea of former jeopardy. There being no jurisdiction in the district court, there could be, of course, no jeopardy, and the plea was properly rejected by the county court.

At the time this prosecution was instituted there was also instituted a prosecution against defendants for having possession of a still. The history of that case is very similar to the history of this case. That case was tried, and the jury returned its verdict finding the defendants guilty and fixing their punishment at imprisonment in the county jail for a term of 60 days and a fine of $250, the same punishment as assessed in this case. The defendants, in addition to a plea of former jeopardy based on the conspiracy case in the district court as just stated, further pleaded former jeopardy by reason of the proceeding in the case charging the possession of a still, which was tried in the county court on the same day that this case was tried, and in which a verdict had been returned, but no judgment and sentence had been imposed at the time of the trial of this case. That case was appealed to this court, and a decision has just been rendered affirming it. See case No. A-6068, Handley et al. v. State, 39 Okla. Cr. 93, 263 P. 173.

It is clearly disclosed by the record that the possession of a still, as charged in case No. A-6068, and the possession of whisky, as charged in this case, was one possession, act, and transaction. The state cannot divide the different items of possession and prosecute each as a separate offense.

In the case of Estep v. State, 11 Okla. Cr. 103, 143 P. 64, it was held:

"Under our system of jurisprudence, if the state elects through its authorized officers to prosecute an offense in one of its phases, or aspects, and upon his trial the defendant is acquitted by a jury, it cannot afterwards prosecute the

same criminal act or transaction under the color of another name."

In the case of Hourigan v. State, 28 Okla. Cr. 10, 258 P. 1057, this court said:

"The 'same offense,' as the term is used in the constitutional guaranty (section 21, art. 2, state Constitution) and the statutes just referred to, does not mean the same offense eo nomine, but means the same criminal act, transaction, or omission. To constitute a good plea on the ground of former jeopardy, the offense in which the plea is made must be the same as that in which jeopardy has attached. But to make the offenses the same, the informations need not be in identical language. The offenses may differ in name and yet be the same. First Bishop's New Criminal Law, par. 1050.

"Where the same testimony will support both charges, it is generally said that the offenses are the same. Estep v. State, 11 Okla. Cr. 103, 143 P. 64. The testimony in the case at bar is practically the same as the testimony given in No. A-5855. It discloses that at the time charged defendant with others had possession of the parts of a still and a quantity of mash. Defendant has been convicted of having possession of mash. The state may not split or divide up an offense into the different parts and punish an accused for each of such parts. Hirshfield v. State, 11 Tex. App. 207.

"If an accused in one act and transaction should steal different items of property from different owners, he is guilty of but one crime, or if in one act or transaction he should transport or have the possession of whisky, beer, wine, and alcohol, certainly he could not be punished for each separate item, but the possession of all would constitute but one offense. * * *"

Section 21, art. 2, of the state Constitution, and sections 2619, 2626, Comp. Stat. 1921, forbid that any person shall be twice put in jeopardy for the same offense. Under the terms of these sections of the Constitution and the statute as construed in the case of Estep v. State, 11 Okla. Cr. 103, 143 P. 64; Hourigan v. State, 38 Okla. Cr. 10, 258 P. 1057.

1057, and State v. Brooks, 38 Okla. Cr. 302, 260 P. 785, the judgment cannot stand.

The case is reversed.

DOYLE, P. J., and DAVENPORT, J., concur.