LEE LUNCEFORD v. STATE.

No. A-619. Opinion Filed June 16, 1928.
(267 Pac. 1118.)

E. C. Patton, for plaintiff in error.

Edwin Dabney, Atty. Gen., and W. P. Morrison, Co. Atty., for the State.

PER CURIAM. This was an information in the county court of Canadian county against Lee Lunceford, Bob Dunlap, Albin Dunlap, and John Doe, in which the defendants were charged with conspiracy to violate the provisions of the prohibitory liquor law. On his separate trial, appellant, Lee Lunceford, was found guilty, the jury leaving his punishment to be fixed by the court. Motion for new trial was duly filed and overruled, and the court pronounced judgment and sentenced the defendant Lee Lunceford to pay a fine of $500 and confinement in the county jail for six months.

The information in substance charges that in Canadian county, on or about 10th day of August, 1925, the

said defendants did unlawfully and corruptly combine, confederate, and agree together and with each other to manufacture corn whisky, and further alleges overt acts in pursuance of said conspiracy. In this case the facts and questions of law are substantially the same as in the case of Thomas v. State, 38 Okla. Cr. 379, 262 P. 503, wherein it is held: "The prohibition provision of the Constitution (article 1, § 7), forbidding the manufacture and sale of intoxicating liquor and declaring a violation of the provision punishable by a fine of not less than $50 and imprisonment for not less than 30 days, is self-executing. Section 1649, Comp. St. 1921, defining a misdemeanor for two or more persons to conspire to commit any crime, is not applicable to a conspiracy to violate the prohibitory liquor law, for the reason that the minimum punishment provided in sections 1649 and 1508, Comp. St. 1921, is less than the minimum punishment fixed by the. Constitution." Upon the authority of that case, the judgment is reversed, and cause remanded, with direction to dismiss.