# JACK McCREARY et al. v. VENABLE.

No. A-10962.   Feb. 25, 1948.

(190 P. 2d 467.)

Joe Chambers, of Tulsa, for petitioners.

John H. Venable, of Miami, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and R. W. Smith, County Atty., Ottawa County, of Miami, for respondent.

BRETT, J. This is an original proceeding filed in this court by Jack McCreary and Jess Nash Hughes, seeking a writ of prohibition against John H. Venable, judge of the county court of Ottawa county, to prohibit respondent from proceeding to try two criminal cases in said county court.

The petition, in substance, alleges:

"That on the 21st day of August, 1947, the petitioner, Jack McCreary, and Jess Nash Hughes were charged in the County Court of Ottawa County, Oklahoma, on information filed by the County Attorney of said County in Criminal Case No. 7028, entitled The State of Oklahoma, plaintiff, v. Jess Nash Hughes and Jack McCreary defendants, with willfully, wrongfully and unlawfully entering into a conspiracy with each other to violate the liquor laws, or prohibition laws of the State of Oklahoma.

"That on the same day, to-wit: August 21, 1947, the petitioners, Jack McCreary and Jess Nash Hughes were charged in the County Court of Ottawa County, Oklahoma on information in Criminal Case No. 7029, entitled The State of Oklahoma, plaintiff, v. Jess Nash Hughes, and Jack McCreary, defendants with willfully, wrongfully, and unlawfully entering into a conspiracy with each other to violate the liquor laws or prohibition laws of the State of Oklahoma."

Further, it is alleged in said petition that:

"The statute under which said informations were filed is § 421, Title 21 O. S. 1941, reading in part as follows, to-wit: 'If two or more persons conspire * * * to commit any crime * * * they are guilty of a misdemeanor' * * * defining criminal conspiracy and fixing the punishment for violation thereof, as for a misdemeanor, without any minimum punishment being provided." Further,

it in substance alleges that said statute has heretofore been held by this court to be inapplicable to the prohibitory law for the reason that the punishment fixed therein for violation is less than that provided in the constitution of the State of Oklahoma, art. 1, § 7, reading as follows, to-wit: "* * * Any person, individual or corporate, who shall manufacture, sell, barter, give away, or otherwise furnish any intoxicating liquor of any kind, * * * contrary to provisions of this section * * * shall be punished on conviction thereof, by fine not less than fifty dollars and by imprisonment not less than thirty days for each offense. * * *"

Upon this state of the record it is contended:

"That no crime is charged in either of said cases, and the County Court of Ottawa County and defendant, John H. Venable, as Judge thereof, have no jurisdiction of either defendants on the subject matter set forth in said informations, and said County Judge is without authority to proceed further therein, but is assuming to exercise judicial power not granted by law, and is attempting to make an unauthorized application of judicial force in each of said cases."

Moreover, it is alleged in said petition that unless John H. Venable, county judge of Ottawa county, is prohibited from proceeding further in said cases these defendants will be compelled, at great expense and inconvenience, to appear in the county court of Ottawa county, and defend themselves against charges of violation of a nonexistent law; that they are without any plain, speedy or adequate remedy at law.

To this petition, John H. Venable, judge of the county court of Ottawa county, made return to the rule to show cause in which he denied each and every material allegation in the petition contained not specifically admitted, and further said that there are pending before him as county judge of Ottawa county, criminal cases

numbered 7028 and 7029, wherein the above-named plaintiffs are charged by the State of Oklahoma with conspiracy to commit a crime, to wit: Violation of the prohibitory laws of the State of Oklahoma. That the acts charged constitute a crime punishable pursuant to the provisions of Title 21 O. S. A. § 421, of which offense the county court of Ottawa county has due and lawful jurisdiction.

Petitioners' contention is predicated upon the cases of Taylor v. State, 38 Okla. Cr. 350, 261 P. 978, and Thomas v. State, 38 Okla. Cr. 379, 262 P. 503. As was pointed out in the strong dissenting opinion by Judge Edwards, the Taylor case erroneously held in effect "that the conspiracy merges in the overt act." In the Thomas case, later written by Judge Edwards, he felt bound to follow the majority rule laid down in the Taylor case. No doubt Judge Doyle felt, at the time he wrote the majority opinion in the Taylor case, that a conspiracy could not be maintained under the provisions of section 421, Title 21 O. S. 1941, for the reason that the court was then of the opinion that the conspiracy merged into the overt act. As Judge Edwards was compelled to follow the opinion of the majority as expressed in Taylor v. State, supra, when he wrote the opinion in the Thomas case, supra, we too would be bound by the authority of both the Taylor and Thomas cases had not Judge Doyle concurred in the case of Burns v. State, 72 Okla. Cr. 432, 117 P. 2d 155, in which a unanimous court agreed:

"The crime of conspiracy does not merge in the felonies described as overt acts in the indictment, where the conspiracy is a crime and not an essential part of the felonies to accomplish which the conspiracy was formed.

"A conspiracy to commit a felony constitutes an independent crime, complete in itself and distinct from the felony contemplated."

Under these conditions we choose to follow what we believe to be the better rule as laid down in Burns v. State, supra.

The Taylor case was based not only upon the foregoing proposition of merger of conspiracy with the overt act but upon the proposition that the provisions of section 421, Title 21 O. S. 1941, supra, would impair the provisions of the Constitution, since section 421 provided no minimum penalty and the Constitution provided a minimum of not less than $50 fine and 30 days in jail. This line of logic we cannot follow for nowhere does the Constitution prohibit or provide for the punishment of a conspiracy to do any of the things made unlawful under the constitutional provisions, supra. We believe that it is fundamental that parties may conspire together to violate the constitutional prohibitions and commit an overt act for the purpose of carrying out such conspiracy and yet never become subject to the punishment prescribed by the Constitution. We can quite readily conceive of a conspiracy being formed to violate the provisions of penal statutes and yet, never reaching the point of an actual violation of said statutes. For instance, persons may conspire to establish a liquor business and to engage in the sale of intoxicating liquor. They may thereafter rent a place of business to carry on such illegal sales, purchase trucks to be used in the transportation and delivery of intoxicating liquors, make arrangements for the purchase of a quantity of liquor from a distiller and send the trucks for the purpose of transporting the liquor to such place of business. It certainly cannot be doubted that these persons have thereby violated the conspiracy statute and rendered themselves liable for prosecution thereunder. Yet, the Constitution may be searched in vain for any constitutional provision which has been vio-

lated. The conspirators, having entered into the conspiracy and committed overt acts, have as yet violated no provision of the Constitution and have not become subject to its provisions prescribing punishment. Under such a situation, there is no doubt that the conspiracy statutes of the state have been violated, yet the constitutional provisions have not been violated and have absolutely no application whatsoever. It cannot then be said with any degree of logic or reason that the constitutional provisions will prevent the application of the conspiracy statute to an offense not within the terms of the Constitution. This necessarily follows since the conspirators could not be prosecuted upon any charge based on the Constitution or the prohibition enforcement act.

The situation confronting us being thus as it is, we are placed in the position where we must choose between the Taylor and Thomas cases, supra, the result of a divided court, or the Burns case, supra, rendered by a unanimous court and an opinion in which Judge Doyle concurred. Under these conditions we are led to believe that Judge Doyle, the writer of the opinion in the Taylor case, had changed his views, and rightly so. We believe that sound reason supports the conclusion this court reached in the Burns case. We therefore elect to follow the rule as announced in the Burns case, since it is clear that under the facts herein the petitioners are not entitled to the rule. In this connection, it has been held that:

"The prerogative writ of prohibition should be issued with forbearance and caution, and only in cases of necessity, and not in a doubtful case." State v. Caldwell, 84 Okla. 334, 181 P. 2d 843, 845.

Based upon these premises, it is the conclusion of this court that the charges contained in cases numbered 7028 and 7029 are separate and distinct actions of which

the court has jurisdiction and which may be lawfully maintained as separate and distinct actions. Therefore, the prohibition against Judge John H. Venable will not lie and the writ is denied.

BAREFOOT, P. J., and JONES, J., concur.