## STATE v. STOUT et al.

No. A-11020.    Sept. 21, 1949.

(210 P. 2d 199.)

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and J. M. Springer, Co. Atty., Nowata, for plaintiff in error.

Irvine E. Ungerman, Tulsa (Charles A. Whitebook, Tulsa, of counsel), for defendants in error.

BRETT, J.   This is an appeal from the county court of Nowata county, Okla., by the state, on a reserved question of law.   On January 2, 1948, there was filed in said county court an information, charging the defendants Charles Stout and Harry McCarthy with the crime of unlawful conspiracy to violate the prohibition laws of the State of Oklahoma.   The conspiracy allegedly was made and entered into on December 19, 1947, in Tulsa county, Okla.   The charge was laid under the provisions of Title 21, § 421, O.S.A. 1941, reading in part as follows, to wit:

"If two or more persons conspire, either: 1. To commit any crime; * * * they are guilty of a misdemeanor."

Title 21, § 10, O.S.A. 1941, fixes the punishment at not to exceed one year imprisonment in the county jail or by a fine not exceeding $500, or both such fine and imprisonment. To this information a demurrer was filed alleging among other legal grounds that the information did not charge an offense against the criminal laws of the State of Oklahoma. The county court sustained said demurrer on February 7, 1948. In sustaining the demurrer, with exceptions to the state, the trial court entered its order reading in part as follows, to wit:

"It is further ordered, adjudged and decreed by this court that the action filed herein be dismissed and that the bond posted by the defendants be exonerated."

The said journal entry of judgment thereafter further recites:

"Thereupon and in open court, the plaintiff gave notice of its intention to appeal to the Criminal Court of Appeals of the State of Oklahoma, *upon the question of law involved herein,* * * *." (Emphasis supplied.)

Under the provisions of Title 22, § 1053, O.S.A. 1941, the state may appeal in the following cases:

"Appeals to the Criminal Court of Appeals may be taken by the State in the following cases and no other:

"1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"2. Upon an order of the court arresting the judgment.

"3. Upon a question reserved by the State."

Appeals by the state on the foregoing grounds have been recognized in numerous cases (see annotations to

the statute). In State v. Moyers, 86 Okla. Cr. 101, 189 P. 2d 952, 955, we said:

" * * * An appeal upon a question reserved by the State does not bring up any part of the trial or proceedings of the case except the question reserved and the judgment of acquittal, and if such question reserved is decided in favor of the State, it simply settles that question of law and does not affect the verdict of acquittal."

Under the law the case must stand or fall on the reserved question. The order of the county court in sustaining the demurrer was predicated upon the cases of Taylor v. State, 38 Okla. Cr. 350, 261 P. 978; Thomas v. State, 38 Okla. Cr. 379, 262 P. 503, and Baldwin v. State, 40 Okla. Cr. 7, 266 P. 795, holding in effect that the conspiracy merges in the overt act, and therefore the prosecution on a charge of conspiracy to violate the prohibition law would not lie, as being unconstitutional and in conflict with art. 1, § 7 of the Constitution (the Prohibition Act), in that the said constitutional provision fixed a minimum penalty of $50 fine and 30 days in jail, while Title 21, § 421, provided no minimum penalty. Subsequent to the rendition of the opinions in the Taylor and Thomas cases, supra, and on September 10, 1941, a unanimous court, including Judge Doyle who wrote the opinion in the Taylor case upon which the opinion in the Thomas and Baldwin cases were predicated, rejected the rule of merger and held that the crime of conspiracy does not merge in the unlawful acts described as overt acts in the information, where the conspiracy is a definite crime and not an essential part of the crime to accomplish that for which the conspiracy was formed. See Burns v. State, 72 Okla. Cr. 432, 117 P. 2d 155, referring to but not overruling Taylor v. State, supra, and then followed McCreary & Hughes v. Venable, 86 Okla. Cr. 169, 190 P. 2d 467, which was handed down on Feb-

ruary 25, 1948, controlling herein and overruling Taylor v. State, supra; Thomas v. State, supra, and Baldwin v. State, supra. Such is now the settled law of this state and the reserved question is moot. But the controversy does not end here. There are two other questions herewith presented, which we deem of such importance as to require an answer.

In the petition in error on the reserved question, the state prays that the judgment and order of the county court be corrected by reversing the same, and in its brief requests a reinstatement of the case for trial on its merits. In the journal entry of judgment sustaining the demurrer, the trial court dismissed the action against the defendants and exonerated them on their bonds. The defendants contend that no appeal was taken from the order sustaining the demurrer, dismissing the information discharging the defendants and exonerating them on their bonds, and that the judgment is final and the case can therefore not be reinstated for trial on its merits. In this connection they cite State v. Young, 20 Okla. Cr. 383, 203 P. 484; State v. Robertson, 28 Okla. Cr. 234, 230 P. 932. The defendants contend that such being the case nothing further than a ruling on the reserved question of law can be accomplished by this appeal. The defendants quote from State v. Robertson, supra, as follows:

"The state has the right to appeal from an order sustaining a demurrer to an indictment or information. Such an appeal reserves for decision only a question of law where the indictment or information is dismissed and the defendant discharged without direction or permission by the trial court to amend the information or that the indictment be submitted to that or another grand jury."

And from the body of the opinion 28 Okla. Cr. at page 241, 230 P. at page 934, as follows:

"Whether or not the indictment states a crime as against this defendant in error is not of material importance to the state, as under the statutes as they now exist the state has no charge pending against him as the judgment rendered in this case by the trial court constituted a complete bar to any subsequent prosecution against him for the same alleged offense."

In support of this contention they further cite State v. Waldrep, 80 Okla. Cr. 230, 158 P. 2d 368; State v. Gray, 71 Okla. Cr. 309, 111 P. 2d 514, felony cases. An examination of these cases discloses that they are bottomed upon the provisions of Title 22, § 508, O.S.A. 1941, as follows, to wit:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

The contention of the defendants would be controlling if the offense charged were a felony, but such is not the case at bar, since the offense charged is only a misdemeanor. This court has held that Title 22, § 508, O. S. A. 1941, applies only to felony cases and does not apply to misdemeanor cases. Ex parte Dodson, 3 Okla. Cr. 514, 107 P. 450; Green v. State, 33 Okla. Cr. 268, 243 P. 533; and Ray v. Stevenson, 71 Okla. Cr. 339, 111 P. 2d 824, 826, holding as follows:

"Sections 2943, O. S. 1931, 22 Okla. St. Ann. § 499; 2944, O. S. 1931, 22 Okla. St. Ann. § 500; 2945, O. S. 1931, 22 Okla. St. Ann. § 501; and 2952, O. S. 1931, 22 Okla. St. Ann. § 508, outline the procedure to be followed by the trial court in connection with the sustaining of a motion to quash or demurrer to an indictment by a de-

fendant upon his arraignment in the district court on a felony charge.

"The above statutes apply only to felony cases, and do not apply in the case of misdemeanors for the reason that the county court is without authority to direct a case to be resubmitted to a grand jury.

"The sustaining of a motion to quash or a demurrer to an indictment charging a misdemeanor is no bar to subsequent prosecution by information for the same or any related offense."

Therefore, it is apparent that in a misdemeanor case, where a demurrer to the information is sustained and the dismissal of the action entered by the county court, it is final only as to that action, and does not prevent the institution of another information on the same or related charge.

Defendants in this connection also cite, in support of their contention, Moyers v. State, supra; State v. Gragg, 71 Okla. Cr. 213, 110 P. 2d 321. The Moyers case clearly is not predicated upon the provisions of Title 22, § 508, supra, since it involved an appeal on a reserved question of law, as to the right of the county court to reinstate a driver's license. That case was not a criminal action but was in the nature of a civil proceeding, and in no way whatsoever involved Title 22, § 508, O.S.A. 1941. It certainly does not support the defendants' contention to the effect that the case at bar might not be reinstated for further prosecution. The Gragg case, supra, while involving a misdemeanor (unlawful possession of intoxicating liquor), arose on the sustaining of a demurrer to the evidence and not on a demurrer to the information. Therein, 71 Okla. Cr. at page 221, 110 P. 2d at page 325, this court said:

" * * * the defendant was charged in a court of competent jurisdiction by an information sufficient to

sustain a conviction. The court was not called upon to quash or set aside the information, but after the State had introduced its testimony and rested, a demurrer was interposed by the defendant and this demurrer was sustained by the court, and the defendant discharged and his bondsmen exonerated. It is true that after this order was made, that it was further ordered: 'That said defendant, Cecil Gragg, be not discharged pending the appeal and determination of this cause by the Criminal Court of Appeals of the State of Oklahoma, but that he be enlarged and placed at liberty upon his own recognizance during the pendency of said appeal.'

"This was evidently an attempt to comply with sections 2952, 2953 and 2954, Oklahoma Statutes 1931, Oklahoma Statutes Annotated, title 22, sections 508, 509, and 510. But these statutes apply only where a demurrer to the indictment or information has been sustained. They do not apply where a defendant was charged in a court of competent jurisdiction by a valid information and a jury has been empaneled and sworn to try the case, or the defendant has waived a jury and agreed to try the same before the court, and after the State had introduced its evidence and rested, and a demurrer was sustained to the evidence and the defendant discharged, and his bondsmen exonerated."

We call attention to the fact that therein this court said that section 508 did not apply where a demurrer to the evidence was sustained. The reason is apparent that the defendant having been tried and acquitted, he could not again be tried for the same offense. Had this court then been confronted with the situation in the case at bar, it would have further said, in light of Ex parte Dodson, supra, and Green v. State, supra, that section 508, Title 22, O.S.A. 1941, did not apply, where a demurrer was sustained to the information in a misdemeanor case. Ray v. Stevenson, supra, had not been decided when the Gragg opinion was rendered. Ordinarily, the matter of

prosecutions in misdemeanor cases are within the sound discretion of the county attorney, as chief prosecutor vested with power to institute prosecutions. Perry v. State, 84 Okla. Cr. 211, 181 P. 2d 280; Ex parte Lewis, 85 Okla. Cr. 322, 188 P. 2d 367. Therefore, this being a misdemeanor case and not within the provisions of section 508, Title 22, O. S. 1941, the dismissal by the county court on a demurrer to the information would not become effective until after the determination of the appeal. If the question of law is determined adversely to the state, the prosecution is at an end. If it is held that the trial court erred in sustaining the demurrer to the information the cause is reversed for a continuation of the prosecution.

But this is not an ordinary case, where the matter should be left to the county attorney to decide relative to another prosecution, which brings us to the final decisive question involved herein. That proposition is this, that at the time the demurrer herein was sustained by the trial court the rule announced in the Taylor case, supra, the Thomas case, supra, and the Baldwin case, supra, not having been expressly overruled in Burns v. State, supra, was the established and controlling law involved herein. Under the provisions of Title 21, § 421, O.S.A. 1941, as construed in the Taylor case, supra, the Thomas case, supra, and the Baldwin case, supra, the law was fixed, final and binding as construed in said opinions and both the citizens and the courts were bound thereby, until McCreary & Hughes v. Venable, supra, announced a contraholding on February 28, 1948, and in effect overruling all cases in conflict therewith. The defendants assert that from and after December 5, 1927, the date of the rendition of the opinion in Taylor v. State, supra, construing Title 21, § 421, O.S.A. 1941, and

44

holding the same unconstitutional in light of Art. 1, §
7 (the Prohibition Act), the court's construction became
a part thereof, and the trial court's judgment in sustain-
ing the demurrer dismissing the action and exonerating
the bonds on said authority, as well as on the strength
of the subsequent opinions in the Thomas and Baldwin
cases, supra, was a lawful act of the court, binding and
final, and not subject to repudiation even though the state
should prevail in this proceeding. In other words, their
contention is that those cases were the law and just as
binding as the provisions of the statute and the Constitu-
tion themselves, until on February 25, 1948, this court
handed down the opinion in McCreary & Hughes v. Ven-
able, supra. This contention is well grounded, for it is
the basis upon which proceeds our entire system of juris-
prudence and upon which its stability depends. Without
such a basis, the personal rights of the people would be
most insecure, and what might be the law of protection
today would be the law of condemnation tomorrow mere-
ly by judicial decision. The behavior of the people is
circumscribed by the Constitution, legislative acts, and
judicial opinions. They have the right to rely on judi-
cial interpretation and application as to each. While the
law is and should be ever in progression towards perfec-
tion, its application should be as immutable as the law
of gravitation until a change has been effected therein
either by constitutional amendment, by legislation, or
by judicial interpretation. A change being thus wrought,
then a change in application is permissible. The Con-
stitution protects citizens against ex post facto legisla-
tion by the Legislature which the courts jealously guard
in their behalf. We believe the constitutional limita-
tion against ex post facto acts of the Legislature should
weigh just as heavily against ex post facto judicial de-
cisions. The fact that the act of repudiation of establish-

ed law may come from the court clothes the act with no halo of constitutional exception as to ex post facto applications. The inhibition applies to the courts with equal force. Hence, the rule of stare decisis has long been recognized as the bulwark of American jurisprudence, and unless it is adhered to in this instance, what was not a crime under former decisions would now become one. Such a ruling would do violence to our time-honored tradition of trial courts' reliance on judicial opinions for guidance and freedom from error. It would place the mark of condemnation upon the trial judge who in the exercise of his bounden duty looked to the decisions of the appellate court for guidance. It would tend to destroy the wholesome concept that this is a government of laws and not of men. It would tend to subject the citizen to the caprice of men and not of laws. It would create the possibility for political persecution through the abuse of judicial power by decree. It may be said such is not the case at hand, and that is true. But, where possibility of abuse exists there is always the threat. And, the measure of judicial wisdom is not only in immediate justice, but in anticipatory discernment. In fact, the true test of judicial wisdom is in the pronouncement of rules in any case that will obviate abuses of power. Every case should be measured, not in its immediate effect, but prospectively. In no other way may, particularly, life and liberty, as well as property, be secure, and this continue to be a government of laws and not of men. While the question is one of first impression in this court, as applied to property rights, the Supreme Court of Oklahoma has passed squarely on the question. In Bagby v. Martin, 118 Okla. 244, 247 P. 404, it said:

"Contracts entered into in good faith, in relation to private property rights, in accordance with a statute, as construed by the Supreme Court of the state, will be given

effect according to the judicial construction of the statute in effect at the time the contract was entered into. A later construction of the statute by the same court, applying a different construction, will not affect the contract made pursuant to the former decision."

See, also, Oklahoma County v. Queen City Lodge No. 197, I. O. O. F., 195 Okla. 131, 156 P. 2d 340, holding that the force of the opinion should be prospective only. The foregoing principle as applied by the Supreme Court of Oklahoma has likewise been applied to criminal cases in other jurisdictions than our own, in State v. Jones, 44 N .M. 623, 107 P. 2d 324, 329, wherein the court said:

"The question then arises as to what effect shall be given this overruling decision. Shall it operate retrospectively and possibly subject to heavy penalties and the stigma of criminal convictions those who, acting in reliance on the former decision, did only that which this court declared, even if erroneously, to be within the law? Or, shall the defendants' acts and conduct be judged by the then unreversed decision which stood as the best evidence of what the law was at the time the acts complained of took place and the overruling decision be confined in its operation to acts and conduct occurring after its effective date? In other words, shall our decision overruling City of Roswell v. Jones [41 N. M. 258, 67 P. 2d 286], be given prospective operation only? The plainest principles of justice demand that it should and there is respectable authority, based on sound reason, which affirms our right in a case of this kind, so to order."

Thereafter citing numerous authorities in support thereof. See, also, State v. Simanton, 100 Mont. 292, 49 P. 2d 981; Chavers v. Harrell, 122 Fla. 669, 166 So. 261; State, ex rel. Williams v. Whitman, 116 Fla. 196, 150 So: 136, 156 So. 705, 95 A.L.R. 1416; State v. Longino, 109 Miss. 125, 67 So. 902, Ann. Cas. 1916E, 371; State v. Bell, 136 N. C. 674, 49 S. E. 163; State v. O'Neil, 147 Iowa 513, 126 N. W. 454, 33 L.R.A., N.S., 788, Ann.

Cas. 1912B, 691, wherein it was held that a person performing the acts denounced by the statute after it was declared invalid and before a decision holding it valid could not be prosecuted thereunder; Commonwealth v. Trousdale, 297 Ky. 724, 181 S. W. 2d 254; Wilson v. Goodin, 291 Ky. 144, 163 S. W. 2d 309, wherein it was held where a criminal statute is first declared unconstitutional and later held constitutional, one committing the prohibited act during the time between the two decisions is not liable to prosecution for such act. 8 R.C.L. § 10, page 60, Note 7; 22 C.J.S., Criminal Law, § 48, page 114. If we did not so hold herein we would be lacking in constitutional morality. This question was not raised in McCreary & Hughes v. Venable, supra. If it had been, we would have so held therein.

We therefore hold that the reserved question was decided in McCreary & Hughes v. Venable, supra, and is now moot, the appeal herein on a reserved question is dismissed, and the request for reinstatement of the case for prosecution in the lower court on its merits is accordingly denied.

JONES, P. J., and POWELL, J., concur.